## The People on Relation of the Board of Education of Detroit v. The Treasurer of Wayne County.

On the hearing of an application for a mandamus, the party showing cause is entitled to open and close the argument.

Under the present Constitution and statutes, all moneys which are paid into the office of the county treasurer, on account of fines, penalties, forfeitures and recognizances, are to be credited to the Library Fund, and apportioned and paid over by the treasurer to the proper local officers, without any deduction for expenses, either attending the collection of the particular sums paid in, or embracing the general criminal expenses of the county. The taxable costs in proceedings to collect, should be kept separate, and do not belong to this fund.

*Heard June 6th. Decided June 9th.*

Motion for a mandamus. The relators had applied by petition, and an order had been made that the respondent show cause this day.

*H. D. Terry*, for the respondent, now showing cause, claimed the right to open the argument, and the COURT held that to be the correct practice.

*E. Hall* and *S. T. Douglass*, for the relators.

CAMPBELL J.:

A *mandamus* is applied for, to compel the respondent to pay over to the Board of Education their share of moneys in his hands received from fines and recognizances. The question submitted is, whether the amounts paid in to him from those sources are liable to any deductions for expenses, either attending the collection of the particular sums paid in, or embracing the general criminal expenses of the county.

The present Constitution, *Art.* 13, § 12, declares that "The Legislature shall also provide for the establishment of at least one library in each township; and all fines assessed and collected in the several counties and townships, for any breach of the penal laws, *shall be exclusively applied to the support of such libraries.*"

So far as fines are concerned, this language is too plain to be open to construction. No deduction for expenses or otherwise can lawfully be made from such fines. The whole amount collected belongs to the library fund, and no portion can be applied elsewhere.

The other moneys appropriated for that purpose are so given, not by virtue of any constitutional provision, but under a statute, which reads as follows: "The clear proceeds of all fines for any breach of the penal laws of this state, and for penalties, or upon any recognizances in criminal proceedings, and all equivalents for exemption from military duty, when collected in any county," &c., shall be apportioned among the several townships by the county treasurer. This apportionment is required to be made between the first and tenth days of April, according to the number of children within the school ages, as appearing by the statements on file in his office: — *Comp. L. p.* 752.

Except as to fines, which are now regulated by the Constitution which was adopted subsequently to this act, the disposition of these funds is under the control of the Legislature; and it must depend entirely upon their action whether all or only a portion of these moneys shall be given for the town libraries. We must therefore look at the whole legislation upon the subject to ascertain the design of the act in question.

Chapter 155 of the Compiled Laws provides for the collection of penalties and forfeitures, and requires "all sums of money collected on account of any penalty or forfeiture" to be paid over to the county Treasurer:—*Comp.*

8 Mich—2A

*L.* §§ 5126, 5127, 5134, 5135, 5143, 5150. The costs and fees are allowable as in civil cases upon the proceedings to collect, and are separate from the penalty: — §§ 5136, 5140. On indictments the costs are expressly given to the use, not of libraries, but of the county: — § 5688. The whole amount collected upon the penalty itself is plainly required to be paid over to the county treasurer by these sections. The taxable costs can not be deducted from the amount forfeited, but should be kept separate; and, if paid into the library fund by mistake may be corrected.

By § 5151, it is declared that "every county treasurer shall keep an accurate account of all moneys paid to him on account of fines, penalties, forfeitures and recognizances, separate and distinct from all other accounts, and shall credit the same to the Library Fund," &c. And, by §5152, it is directed that "all the moneys belonging to such Library Fund shall be apportioned by the treasurer at the times, &c., and shall be paid over, &c., according to such apportionment."

The moneys belonging to this fund must necessarily include all that has been legally paid into it, subject to such deductions, after it has been paid in, as the laws authorize or require. Without questioning the right of the Legislature to make such deductions as they deem expedient, except from  fines, it is very clear that until they see fit to make such deductions, — inasmuch as no money can be drawn from the treasury without some legal authority — the fund must remain inviolate. No provision of law has yet been enacted allowing or requiring any money to be deducted from this fund. The criminal expenses are not a charge upon it. The clear proceeds, therefore, as the laws now stand, include all sums paid into the treasury from the sources mentioned.

It is unnecessary to consider the collateral questions argued. We are of opinion that the treasurer is bound to

include in his apportionment, and to pay over to the several local officers, all moneys which are paid into his office on account of fines, penalties, forfeitures, and recognizances. A *mandamus* should therefore issue as prayed. We do not, however, regard this as a proper case for costs.

The other Justices concurred.