BOARD OF LIBRARY COMMISSIONERS OF THE SAGINAW
PUBLIC LIBRARIES v JUDGES OF THE 70TH DISTRICT COURT

Docket No. 52103. Submitted May 8, 1981, at Lansing.—Decided July
21, 1982. Leave to appeal applied for.

The Board of Library Commissioners of the Saginaw Public
Libraries and James B. Rupprecht, Dorothy Tiedt, William
H. M. Gould, and Webster Cook, individually, brought an action
for superintending control in the Saginaw Circuit Court against
the judges of the 70th Judicial District and the 70th District
Court Administrator to require them to revise the system of
allocating costs, fines, and judgment fees for state penal viola-
tions and civil traffic infractions. The 70th District Court oper-
ates a traffic bureau which administers the collection and
distribution of fines and costs levied for civil infractions and
criminal offenses. The district judges adopted two schedules to
be used by the traffic bureau in allocating monies received
between penal fines, court costs, and judgment fees. The first
schedule listed specific infractions and set a single combined
assessment for each offense. The second schedule broke down
the single combined assessments of the first schedule into penal
fines, court costs, and judgment fees. Most traffic offenders
admit responsibility without going before a judge. For each of
those offenders, the first schedule is used by the clerk of the
traffic bureau to ascertain the appropriate single combined
assessment. This assessment is then allocated between penal
fine, court costs, and a judgment fee in accordance with the
breakdown in the second schedule. The district court magis-
trate also uses these schedules to ascertain the appropriate
assessment for offenders that appear before him. Persons who
plead not guilty and are convicted in a jury or nonjury trial are
sentenced by the judge presiding over their case. The practices
of the judges vary; most judges use more than one approach for

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties §§ 26, 27.
[2] 70 Am Jur 2d, Costs §§ 5, 52.
[3, 4] 20 Am Jur 2d, Costs § 6.
[4] 35 Am Jur 2d, Fish and Game § 52.
[5, 6] 70 Am Jur 2d, Courts §§ 111, 112.

the breakdown of fines, costs, and judgment fees. The schedules adopted by the district judges are periodically reviewed and revised. In 1972, the defendant judges allocated approximately 50% of the penalty to fine and 50% to costs. Between 1972 and 1979, the judges decreased the percentage of fines and increased the percentage of costs such that in 1979, costs represented approximately 89% and fines 11%. Pursuant to statute, amounts collected that are designated as costs are allocated to the county's general fund. A statute also provides that civil fines shall be exclusively applied to the support of public libraries and county law libraries. Amounts collected that are designated as penal fines are also used to support public libraries as provided by the constitution. Plaintiffs alleged that court costs assessed by the district court judges bore no relationship to the actual costs of prosecuting the offenses charged. The court entered an order of superintending control. The trial judge, Clair J. Hoehn, found that the costs imposed pursuant to defendants' schedule of fines and costs had no reasonable relationship to the actual costs of the cases, determined that the defendants' practice of labeling a disproportionately large percentage of the total amount collected in a particular case as court costs diverted penal fines from plaintiffs and ordered defendants to cease and desist from this improper practice. He held unconstitutional the statute providing for judgment fees in criminal cases and judgment fees for fish and game law offenses. He further concluded that the provisions of the statute concerning the levying of "indirect costs" in civil infraction cases were so vague that the defendant judges could not be allowed to impose costs under these provisions. Finally, he ordered defendants to present for review and approval a schedule of fines and costs for each state penal violation and state civil traffic infraction within the jurisdiction of the district court. He directed defendants to assess costs only with specificity and to itemize costs assessed with reference to each charge. He made his order prospective only and allowed no damages for the improper allocation of fines for prior years. Pursuant to defendants' motion, he also stayed the enforcement of his order of superintending control, pending appeal. Defendants appealed and plaintiffs cross-appealed. *Held:*

1. The requirement that a party bringing a suit have standing insures that only those who have a substantial interest in a dispute will be allowed to come into court to complain. Plaintiff library board has standing to sue.

2. The circuit court had the power to exercise superintending control in this case.

3. Court costs may only be assessed as authorized by statute,

and the statutes in question do not allow the assessment of costs unrelated to the actual costs in connection with the crime or infraction. Indirect costs may be assessed if they are related expenses. Costs assessed may not include any portion of the expense of the daily operation of the court.

4. The court erred in finding the statutes providing for judgment fees in certain cases to be unconstitutional.

5. The effective date of the order of superintending control was changed by the Court of Appeals to avoid seriously and unduly jeopardizing the functioning of Saginaw County.

Affirmed in part, reversed in part, and remanded.

1. PARTIES — STANDING.

The requirement that a party bringing a suit have standing insures that only those who have a substantial interest in a dispute will be allowed to come into court to complain; the standing doctrine recognizes that litigation should be conducted only by a party having an interest that will assure sincere and vigorous advocacy.

2. AUTOMOBILES — COURT COSTS — CIVIL INFRACTIONS.

Courts may assess court costs in civil infraction cases, as in criminal cases, only as authorized by statute and only those expenses, direct and indirect, to which the plaintiff has been put as a result of the civil infraction; they must reasonably relate to the cost of the prosecution and may not include the cost of the daily operation of the court or other governmental units.

3. AUTOMOBILES — COURT COSTS — CIVIL INFRACTIONS.

The collection of a reasonable base cost, under a statute permitting its collection in a fixed amount in civil infraction cases, does not amount to a penal or civil "fine" but is a cost; the statute authorizing such a collection is not unconstitutional (MCL 600.8381; MSA 27A.8381).

4. GAME — COURT COSTS — JUDGMENT FEE.

The collection of a "judgment fee" under a statute permitting its collection in a fixed amount in cases involving the prosecution for violation of the laws for the protection of game and fish does not amount to a penal or civil "fine"; the statute authorizing such a collection is not unconstitutional (MCL 300.18; MSA 13.1228).

5. SUPERINTENDING CONTROL — COURT PRACTICES.

Superintending control is the proper vehicle by which to challenge the generalized practices of an inferior court.

6. APPEAL — SUPERINTENDING CONTROL.

> The grant or denial of an order of superintending control is within the discretion of the trial court and, absent an abuse of discretion, will not be disturbed by the Court of Appeals.

*Mellinger & Mahlberg* (by *Hakim Ben Adjoua*), *Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple*), and *Webster Cook, in propria persona,* for plaintiffs.

*Borrello & Thomas, P.C.,* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAV-ANAGH and BEASLEY, JJ.

D. E. HOLBROOK, JR., P.J. Defendants appeal by right an order of superintending control requiring them to revise their system of allocating costs, fines, and judgment fees for state penal violations and state civil traffic infractions. Plaintiffs appeal as of right the failure to order other relief.

Individual plaintiffs are taxpayers and users of the public libraries in Saginaw County. The 70th district consists of the County of Saginaw and is a district of the first class composed of six district judges. MCL 600.8135; MSA 27A.8135.

The facts are not in dispute. The 70th District Court operates a traffic bureau which administers the collection and distribution of fines and costs levied for civil infractions and criminal offenses. The district judges adopted two schedules to be used by the traffic bureau in allocating monies received between penal fines, court costs, and judgment fees. The first schedule lists specific infractions and sets a single combined assessment for each offense. The second schedule breaks down the single combined assessments of the first schedule into penal fines, court costs, and judgment fees.

Most traffic offenders admit responsibility with-

out going before a judge. For each of these offenders, the first schedule is used by the clerk of the traffic bureau to ascertain the appropriate single combined assessment. This assessment is then allocated between penal fine, court costs, and judgment fee in accordance with the breakdow in the second schedule. The district court magistrate also uses these schedules to ascertain the appropriate assessment for offenders who appear before him.

Persons who plead not guilty and are convicted in a jury or nonjury trial are sentenced by the judge presiding in their case. The practices of the judges vary; most judges use more than one approach for the breakdown of fines, costs, and judgment fees.

The schedules adopted by the district judges are periodically reviewed and revised. In 1972, the defendant judges allocated approximately 50% of the penalty to fines and 50% to costs. Between 1972 and 1979, the judges decreased the percentage of fines and increased the percentage of costs such that in 1979, costs represented approximately 89% and fines 11%. Pursuant to MCL 257.907(3); MSA 9.2607(3), amounts collected that are designated as costs are allocated to the county's general fund. MCL 257.909; MSA 9.2609 provides that civil fines shall be exclusively applied to the support of public libraries and county law libraries. Amounts collected that are designated as penal fines are also used to support public libraries as provided by Const 1963, art 8, § 9.

In July, 1976, plaintiffs filed a complaint seeking an order of superintending control over the judges of the 70th District Court. They alleged that court costs assessed by the district court judges bore no relationship to the actual costs of prosecuting the offenses charged. Plaintiffs claim

that the system of allocating costs and fines was a subterfuge, designed to produce revenues for the general fund of the county in dereliction of the responsibilities imposed by statute and the constitution. Plaintiffs asked the circuit court to order the district court judges to cease their practice of allocating a portion of fines to the general funds of the county under the guise of court costs. They also asked the court to order the county treasurer to take appropriate action to recover for the library fund all sums improperly allocated to the general fund.

On June 3, 1980, the circuit court entered an order of superintending control. The trial judge found that the costs imposed pursuant to defendants' schedule of fines and costs had no reasonable relationship to the actual costs of the cases. He determined that the defendants' practice of labeling a disproportionately large percentage of the total amount collected in a particular case as court costs diverted penal fines from plaintiffs. He ordered defendants to cease and desist from this improper practice. The trial judge held unconstitutional MCL 600.8381; MSA 27A.8381 (judgment fee for criminal cases) and MCL 300.18; MSA 13.1228 (judgment fee for fish and game law offenses). Defendants were ordered to refrain from imposing these fees. He further concluded that the provisions of MCL 257.907(3); MSA 9.2607(3) concerning the levying of "indirect costs" in civil infraction cases are so vague that the defendant judges could not be allowed to impose costs under these provisions.

In addition, the trial judge ordered defendants to present for review and approval a schedule of fines and costs for each state penal violation and state civil traffic infraction within the jurisdiction of the

district court. He directed defendants to assess costs only with specificity and to itemize costs assessed with reference to each charge. He made his order prospective only and allowed no damages for the improper allocation of fines for prior years. Pursuant to defendants' motion, the trial judge stayed the enforcement of his order of superintending control, pending appeal.

Initially, we analyze the defendants' contentions relative to plaintiffs' standing to challenge the practices of district judges in assessing fines and costs. The standing question needs only to be resolved with respect to Saginaw Public Libraries, to which appellants' claims under this issue are addressed. It would afford no relief to appellants if the individual plaintiffs were found to have no standing.

The requirement that a party bringing a suit have standing is used to insure that only those who have a substantial interest in a dispute will be allowed to come into court to complain. *St John's—St Luke Evangelical Church, United Church of Christ v National Bank of Detroit,* 92 Mich App 1; 283 NW2d 852 (1979). The standing doctrine recognizes that litigation should be conducted only by a party having "an interest that will assure sincere and vigorous advocacy". *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 324; 266 NW2d 808 (1978). Therefore, the threshold question is whether plaintiff has an interest in the outcome of this litigation sufficient to invoke the controversy resolving powers of the judiciary.

Plaintiff library was organized pursuant to MCL 380.260; MSA 15.4260. It is entitled to receive penal fines under Const 1963, art 8, § 9, and fines imposed for civil infractions pursuant to MCL

257.909; MSA 9.2609. This entitlement is not dependent upon the discretionary act of any other official. *City of Belding v Ionia County Treasurer,* 360 Mich 336; 103 NW2d 621 (1960).

Plaintiff library admits that defendants acted properly and within their discretion in setting total assessments and that the "fines" portion was properly credited to the library. However, plaintiffs' claim is that defendants improperly and unconstitutionally allocated the total assessments between "fines" and "costs". Plaintiffs argue that if the fine/cost allocation had been properly performed, the library would receive a direct financial benefit. Defendants claim that even if they are assessing excessive costs, the costs may be reduced but the fines may not increase proportionately. This is a matter of factual dispute and is affirmatively rebutted by defendants' own testimony at trial. We therefore conclude that plaintiffs have a sufficient interest in the outcome of this litigation to assure a vigorous and sincere advocacy of the merits. Such an interest establishes the requisite standing.

Appellants' second issue on appeal is relative only to that part of the order that deals with the imposition of costs in civil infraction cases. They contend that the trial judge erred by holding court-imposed rules restricing the assessment of costs in criminal cases equally applicable to the assessment of costs in civil infraction cases. Although the trial judge relied heavily on Const 1963, art 8, § 9, in finding the practices of defendants improper, he also appeared to have found them unauthorized by the relevant statute. Since we find the practices of defendants unauthorized by statute, we will not consider the constitutional issue. *Freissler v State Highway Comm,* 53 Mich

App 530; 220 NW2d 141 (1974), *lv den* 393 Mich 757 (1974).

Most traffic offenses are no longer criminal offenses, but are now "civil infractions". MCL 257.6a; MSA 9.1806(1). Civil infractions are not crimes and are not punishable by imprisonment or by "penal fines". In civil infraction cases, the district court may assess costs pursuant to MCL 257.907(3); MSA 9.2607(3), which states:

"If a civil fine is ordered to be paid under subsection (2), the judge, referee, or magistrate shall summarily tax and determine the costs of the action, which shall not be limited to the costs taxable in ordinary civil actions, and may include all expenses, direct and indirect, to which the plaintiff has been put in connection with the civil infraction, up to the entry of judgment. Except in a civil infraction for a parking violation, costs of not less than $5.00 shall be ordered. Costs shall not be ordered in excess of $100.00. Except as otherwise provided by law, costs shall be payable to the general fund of the plaintiff."

The circuit court found that the costs, as fixed by defendants, had no relationship to the actual costs legitimately chargeable to the specific case before the district court. The trial judge also found that defendants designed the schedule to support the day to day operations of the district court. We agree with the circuit court that neither approach is authorized by the statute. As in criminal cases, court costs may only be assessed as authorized by statute. *People v Teasdale,* 335 Mich 1; 55 NW2d 149 (1952). The statute does not allow the assessment of costs unrelated to the actual costs but only those expenses, "direct and indirect, to which the plaintiff has been put in connection with the civil infraction". Indirect expenses are not unrelated expenses. Likewise the statute does not au-

thorize assessment of costs to support the day to day operations of the district court.

We can find no indication why the schedule should not prescribe uniform court costs throughout the entire range of offenses irrespective of the amount of the total assessment for all traffic offenders who admit responsibility and pay by mail. Costs imposed must reasonably relate to the costs of the prosecution of a civil infraction violation and cannot include the costs of the daily operation of the courts or other governmental units. We do not find that the circuit judge erred in his holding.

Defendants next contend that the trial judge erred by holding unconstitutional MCL 600.8381; MSA 27A.8381. This statute provides, in part:

"When fines and costs are assessed by a magistrate, a traffic bureau, or a judge of the district court, not less than $5.00 shall be assessed as costs and collected for each conviction or civil infraction determination and each guilty plea or civil infraction admission except for parking violations. Of the costs assessed and collected, for each conviction or civil infraction determination and each guilty plea or civil infraction admission, $5.00 shall be paid to the clerk of the district court who, on or before the fifteenth of each month, shall transmit it to the state treasurer. The state treasurer shall deposit 6% of the costs collected to the legislative retirement fund * * *; 9% of the costs collected to the judges' retirement fund * * *; and shall deposit the balance of the costs collected in the general fund."

In holding that the statute is constitutionally infirm, the circuit court found that the sum deposited to the general fund had no reasonable relation to the costs of the particular case and in reality was a tax rather than court costs. The question we must determine is whether the $5 "judgment fee" is a "penal fine" within the meaning of Const

1963, art 8, § 9, or a "civil fine" within MCL 257.909; MSA 9.2609. If the fee is either a penal or civil fine, it must be applied exclusively for the support of libraries.

The Legislature is not free to make its own disposition of "penal fines" or to allow charges against "penal fines" for expenses. See *People ex rel Detroit Bd of Ed v Wayne County Treasurer,* 8 Mich 392 (1860). We find nothing in the history of Const 1963, art 8, § 9, or its predecessors, which requires all sums of money received for violations of state law to be fines within the meaning of the constitutional provision. We hold that the collection of a reasonable base cost by the state, under a statute permitting its collection in a fixed amount, is not a penal fine within the meaning of the constitution. Further, this base cost is not a civil fine under MCL 257.909; MSA 9.2609.

The $5 judgment fee under scrutiny is a reasonable base cost. Since the statute prescribes uniform fees, irrespective of specific violations of the law or the amount of the assessment, the fee appears to be compensatory and not penal. A fee which would be graduated to the amount of fine or which would be considerably greater than that involved here might offend the constitutional or statutory provisions.

It is for these reasons that this case is clearly distinguishable from *People v Barber,* 14 Mich App 395; 165 NW2d 608 (1968). The act under scrutiny in *Barber* provided that an assessment equal to ten percent of every fine, penalty, and forfeiture imposed and collected by the courts for criminal offenses be levied for the support of the law enforcement officers' training fund. A panel of this Court found that an assessment whose amount depends on the exercise of discretion by

the trial judge is, in actuality, a ten percent supplemental fine, which is violative of the constitution. The statute under scrutiny here is simply not similar to the one invalidated in *Barber*. The circuit court erred by holding unconstitutional MCL 600.8381; MSA 27A.8381.

For the reasons stated above, the trial judge erred by holding unconstitutional MCL 300.18; MSA 13.1228. This statute provides, in part:

> "In all prosecutions for violation of the law for the protection of game and fish, there shall be taxed by the justice, as costs, the sum of 3 dollars, to be known as the judgment fee, and when collected the same shall be paid into the state treasury and placed to the credit of the game protection fund."

Since the $3 fee is imposed upon a class of offenses in addition to the judgment fee levied under MCL 600.8381, it is somewhat less compensatory than that in the judgment fee statute considered previously. The fact that proceeds from this judgment fee go to the preservation of fish and game is of no relevance if the Legislature is free to assess this cost in light of the constitutional and statutory provisions. Although closer to the line, the Legislature has not exceeded a reasonable base cost that may be assessed in all cases regardless of the specific violation or assessment.

We deny defendants' next claim by rejecting their interpretation of the trial court's holding. Defendants contend that the trial judge erred by holding unconstitutional a part of MCL 257.907(3); MSA 9.2607(3). We do not find where the trial judge clearly held unconstitutional that portion of the statute allowing the assessment of indirect costs against defendants in civil infraction actions.

In his order of superintending control, the trial

judge stated that MCL 257.907(3); MSA 9.2607(3) contained no definition of what may be included as "indirect expenses" in connection with a civil infraction action. As a result, "indirect expenses" would "give the court carte blanche to discover and levy" expenses upon civil infraction violators "who would be unable to protect themselves against the arbitrary and discriminatory impositions of costs". He did not declare the "indirect costs" provision to be unconstitutional, but he stated:

"That the indirect costs imposed under MCL 257.907(3) must reasonably relate to the costs of the prosecution of a civil infraction violation and cannot include the cost of the daily operation of the courts or other municipal or governmental units."

By contrast, the trial judge specifically declared MCL 600.8381; MSA 27A.8381 and MCL 300.18; MSA 13.1228 unconstitutional and ordered defendants to cease and desist from imposing the fees levied under those statutes.

The order, read as a whole, does not indicate an intent to declare the "indirect costs" provision unconstitutional. The trial judge reached the same result as we reached in the resolution of the second issue in this case. For the reasons stated in the second issue, the circuit court correctly decided this issue.

Lastly, defendants argue that the circuit court is without power to exercise superintending control over the sentencing practices of a district court. Defendants argue that they complied with all relevant statutes concerning fines, costs, and fees, so the superintending court may not substitute its judgment or the exercise of its discretion for that of the inferior court. We do not agree.

The trial court found, as a matter of fact, that defendants assessed costs which were unrelated to direct or indirect expenses to which the plaintiff was put in connection with civil infractions and criminal cases. Defendants do not challenge this finding of fact, which was supported by their own testimony. For most individuals against whom fines and costs were assessed, no exercise of defendants' discretion was involved. The adoption and enforcement of the first and second schedules was more an administrative task than a judicial one.

Earlier we agreed with the trial judge's finding that defendants adopted and enforced a policy which was contrary to statute. Appellant judges must exercise their discretion within the bounds of the law. The action seeking an order of superintending control was ideally suited to the present case. Superintending control is the proper vehicle by which to challenge the generalized practices of an inferior court. *Detroit v Recorder's Court Judge,* 85 Mich App 284; 271 NW2d 202 (1978), *lv den* 404 Mich 808 (1978).

We turn now to the issues raised by plaintiffs in their cross-appeal. The plaintiffs first contend that the trial judge erred by failing to order monetary relief retroactive to the date of filing the complaint. The trial court determined that its order should be prospective in light of its "vast discretion". It ordered no relief for the improper allocation of assessments received prior to the date of judgment. The trial judge stated that repayment of the money would seriously and unduly jeopardize the function of the county government.

Further, to "avoid rewarding an appeal taken for the purpose of procrastination", he ordered that "after January 1, 1981, all monies collected as 'costs' or 'judgment fees' shall be retained in es-

crow pending the final appellate decision". Subsequently, the circuit court issued an order staying enforcement of its superintending control order.

The power of superintending control is an extraordinary power. It encompasses the power to investigate an act of the inferior court and to issue whatever remedial order may be necessary to achieve justice in a particular case or to implement policies of sound judicial administration. *Radke v Employment Security Comm,* 37 Mich App 104; 194 NW2d 395 (1971). In superintending control cases, judicial discretion is always involved with regard to the relief as well as the grant or denial of the order. We will not reverse the judgment of the trial judge unless there has been a clear abuse of discretion. *Attorney General v Recorder's Court Judge,* 92 Mich App 42; 285 NW2d 53 (1979), *lv den* 407 Mich 955 (1980). Our review of the record discloses no reasons, nor has the plaintiff presented any reasons, for finding an abuse of discretion in ordering prospective relief.

However, we cannot affirm the effective date of the circuit court's order. Contrary to procrastination purposes, defendants have argued issues on appeal that are weighty and that will have a significant impact on all the courts in this state. We find, as the trial judge did for a different period, that repayment of monies collected since January 1, 1981, would seriously and unduly jeopardize the functioning of Saginaw County. Therefore, pursuant to the powers conferred in GCR 1963, 820.1, we amend the effective date of the superintending control order to the date of this decision.

Lastly, plaintiffs ask us to modify the trial judge's order in relation to the proposed schedule of costs and fines. We decline. The proposal by

plaintiffs would unduly restrict the exercise of the circuit court's discretion in this matter. Moreover, it is premature for us to review this issue since the trial judge has not reviewed defendants' proposal for a proper schedule of fines and costs. In addition, we believe the trial judge has included in his order the means necessary to fully insure that there is no reoccurrence of the statutory violations alleged in plaintiffs' complaint.

As a result of the new effective date, we need not address plaintiffs' remaining issues.

In summary, we reverse the trial judge's holding that MCL 600.8381; MSA 27A.8381 and MCL 300.18; MSA 13.1228 are unconstitutional. Direct and indirect expenses are authorized by statute, but all court costs must reasonably relate to the expenses incurred in connection with the particular case. The effective date of the superintending control order is postponed to the date of this decision. In all other respects, the order of the circuit court is affirmed.

Reversed in part and affirmed in part. Remanded for entry of an order consistent herewith.