HURON TOWNSHIP v CITY DISPOSAL SYSTEMS, INC

HURON TOWNSHIP v INLAND WATERS
POLLUTION CONTROL, INC

Docket Nos. 97583, 97584. Argued January 12, 1995 (Calendar No. 2).
Decided April 4, 1995.

Huron Township cited City Disposal Systems, Inc., for violating
its vehicle weight limit Ordinance 88-6. The 34th District
Court, William J. Szlinis, J., accepted City Disposal's plea of
responsibility and, on the basis of the ordinance, assessed fines
totaling over $14,000. The Wayne Circuit Court, John H. Haus-
ner, J., affirmed.

Huron Township also cited Inland Waters Pollution, Inc., for
similar violations. The 34th District Court, William J. Szlinis,
J., accepted Inland's plea of responsibility and, on the basis of
the ordinance, assessed fines totaling over $6,900. The Wayne
Circuit Court, John R. Kirwan, J., reduced the fines to $500 in
accordance with MCL 42.21; MSA 5.46(21).

The Court of Appeals, MARILYN KELLY, P.J., and SHEPHERD
and CONNOR, JJ., affirmed with respect to City Disposal, and
reinstated the judgment of the district court against Inland,
holding that MCL 42.21; MSA 5.46(21) is a criminal statute
providing criminal penalties and thus was inapplicable because
Ordinance 88-6 created civil infractions (Docket Nos. 140087,
142089). The defendants appeal.

In an opinion by Justice WEAVER, joined by Chief Justice
BRICKLEY, and Justices LEVIN, BOYLE, and MALLETT, the Su-
preme Court *held:*

The township may not impose a penalty for violation of a
township ordinance greater than is authorized by MCL 42.21;
MSA 5.46(21).

1. Nothing in the applicable statutes supports a division of
ordinances into criminal and civil categories. While prosecu-
tions for violations of ordinances are criminal in a sense, they
are not criminal cases within the meaning of the statutes and
court rules. MCL 42.21; MSA 5.46(21) restricts fines for viola-
tion of a township ordinance to $500; MCL 42.23; MSA 5.46(23)
allows townships to adopt state statutes as ordinances; and

Ordinance 88-6 adopted MCL 257.722, 257.724; MSA 9.2422, 9.2424 respecting load limits and provided for fines in excess of $500.

2. The amount or limitation of a penalty imposed by ordinance must comply with MCL 42.21; MSA 5.46(21). 1994 PA 13, which amended MCL 42.21; MSA 5.46(21) to exempt civil fines from the $500 limitation, became effective prospectively after the infractions at issue occurred, and thus does not apply in these cases. Any conflict between MCL 42.21; MSA 5.46(21), which is more specific with respect to fines, and MCL 42.23; MSA 5.46(23), the general statute permitting adoption of statutes as ordinances, must be resolved in favor of MCL 42.21; MSA 5.46(21).

Reversed and remanded.

Justice RILEY, joined by Justice CAVANAGH, dissenting, stated that MCL 42.21; MSA 5.46(21) does not limit fines that Huron Township can impose through Ordinance 88-6.

Ordinance 88-6 carries only civil, not criminal, infraction penalties. MCL 42.21; MSA 5.46(21) was intended to limit only criminal infractions, and its limits are less specific than the fines prescribed in MCL 257.724(3); MSA 9.2424(3), adopted as part of Ordinance 88-6. Thus, it is inapplicable. The Court of Appeals correctly concluded that the fines established were proper.

201 Mich App 210; 505 NW2d 897 (1993) reversed.

*Allen, James & Foley, P.C.* (by *Kevin J. Foley* and *J. Sawicki*), for the plaintiff.

*Thomas H. O'Connor; Gross, Nemeth & Silverman, P.L.C.,* of counsel (by *James G. Gross*), for the defendants.

Amicus Curiae:

*R. Bruce Laidlaw* for the Michigan Library Association.

WEAVER, J. In the spring of 1990, Huron Township fined Inland Waters Pollution Control, Inc., for violating the township's overweight vehicle

ordinance.[1] Inland pleaded "responsible" to the charge, and the district court fined Inland $6,915. Inland appealed. The Wayne Circuit Court reduced the fine to $500 on June 5, 1991. The township appealed in the Court of Appeals.

During that same spring another trucking company, City Disposal Systems, Inc. (CDS), received four citations for the same offense. On January 29, 1991, the district court assessed CDS $14,004.50 in fines. CDS appealed, and the Wayne Circuit Court affirmed the district court's order on April 12, 1991. The Court of Appeals granted CDS leave to appeal, and the cases were consolidated.

The Court of Appeals affirmed with respect to CDS and reinstated the district court's judgment against Inland. CDS and Inland have appealed to this Court. 201 Mich App 210; 505 NW2d 897 (1993). We reverse and remand.

The sole issue before us is one of statutory interpretation. MCL 42.20; MSA 5.46(20) provides that legislation of charter townships shall be by ordinance.[2] MCL 42.21; MSA 5.46(21) restricts the punishment for violation of a township ordinance to a fine of $500 or imprisonment for ninety days, or both.[3] MCL 42.23; MSA 5.46(23) allows a town-

[1] Ordinance 88-6.

[2]  All legislation of charter townships shall be by ordinance or by resolution. The term "resolution" shall mean the official action of the township board in the form of a motion, and such action shall be limited to matters required or permitted to be done by resolution by this act or by state or federal law and to matters pertaining to the internal affairs or concerns of the township government. All other acts of the township board, and all acts carrying a penalty for the violation thereof, shall be by ordinance. Each ordinance shall be identified by a number and a short title.

[3]  The township board shall provide in each ordinance for the punishment of those who violate the township's provisions. Punishment for the violation of a township ordinance shall not exceed a fine of $500.00, or imprisonment for 90 days, or both, in the discretion of the court.

ship to adopt any provision of state law as an ordinance.[4]

Huron Township adopted as its Ordinance 88-6, MCL 257.722; MSA 9.2422 and MCL 257.724; MSA 9.2424, which impose wheel and axle load limits (overweight vehicle regulations) and provide for fines well in excess of $500. The disparity in fines in the instant cases resulted because on appeal the circuit court in *Inland* applied the $500 restriction on ordinance fines, MCL 42.21; MSA 5.46(21), while the circuit court in *CDS* imposed the heavier fines set out in the township ordinance. The Court of Appeals ruled that MCL 42.21; MSA 5.46(21) "is a criminal statute providing for criminal penalties." The Court then held that MCL 42.21; MSA 5.46(21) was inapplicable in the present case because Ordinance 88-6 created civil infractions.

We find nothing in the statutes to support such a division into civil and criminal ordinances. This Court has long recognized that prosecutions for violations of ordinances are in a sense criminal, but that such violations are not criminal cases within the meaning of the statutes and rules for review by this Court. *People v Riksen,* 284 Mich 284; 279 NW 513 (1938); *Delta Co v City of Gladstone,* 305 Mich 50; 8 NW2d 908 (1943).

The amendment of MCL 42.21; MSA 5.46(21), by 1994 PA 13, allows townships to create "civil infraction[s]" and to provide for "civil fine[s]." These civil fines were specifically exempted from the $500 limitation on fines by this amendment,

---

[4] The township board may adopt any provision of state law or any detailed technical regulations as a township ordinance or code by citation of such provision of state law or by reference to any recognized standard code, official or unofficial: Provided, That any such provision of state law or recognized official or unofficial standard code shall be clearly identified in the ordinance adopting the same as an ordinance of the township.

which became effective May 1, 1994. In accordance with the general rule of statutory construction that an amendment is to be construed as changing the statute amended, *Bonifas-Gorman Lumber Co v Unemployment Compensation Comm,* 313 Mich 363, 369; 21 NW2d 163 (1946), this amendment supports our view that the prior statute had no such distinction in its scheme. Because the infractions at issue took place before the amendment's enactment and the amendment was not given retroactive effect, the new provisions do not apply to the instant cases. *Hurd v Ford Motor Co,* 423 Mich 531; 377 NW2d 300 (1985).

We disagree with plaintiff's contention that its ordinance is not restricted by the limitation in fines of MCL 42.21; MSA 5.46(21). The amount or limitation of a penalty imposed by or under an ordinance must comply with a specific governing provision of law. Where the penalty is fixed by statute, the penalty imposed by the ordinance cannot exceed the limit prescribed. 5 McQuillin, Municipal Corporations (3d ed), § 17.14, p 407. We rely on the obvious principle that the townships are required to follow the laws pertaining to them, and therefore cannot impose a penalty greater than that authorized by MCL 42.21; MSA 5.46(21). See *Renne v Waterford Twp,* 73 Mich App 685; 252 NW2d 842 (1977).

Any conflict between MCL 42.21; MSA 5.46(21) and MCL 42.23; MSA 5.46(23) would be resolved in favor of MCL 42.21; MSA 5.46(21), which is more specific with respect to fines than the general statute allowing townships to adopt state statutes as ordinances. *Crane v Reeder,* 22 Mich 322 (1871).

We reverse the judgment of the Court of Appeals and remand to the district court to have fines assessed in conformance with this opinion. We do not retain jurisdiction.

BRICKLEY, C.J., and LEVIN, BOYLE, and MALLETT, JJ., concurred with WEAVER, J.

RILEY, J. (*dissenting*). The dispositive issue in this case is whether MCL 42.21; MSA 5.46(21) effectively limits the fines that Huron Township can impose on defendants through Ordinance 88-6. I write separately because I believe that the language of MCL 42.21; MSA 5.46(21) does not limit such fines as the majority holds. Ordinance 88-6 is an ordinance that carries only civil infraction penalties, not criminal. MCL 42.21; MSA 5.46(21), however, was designed with the intent of only limiting criminal infractions, which is evidenced by the fact that MCL 42.21; MSA 5.46(21) specifically provides for a ninety-day limitation on imprisonment. Furthermore, the limits established in MCL 42.21; MSA 5.46(21) are less specific than the fines existing in MCL 257.724(3); MSA 9.2424(3), which was adopted as part of Ordinance 88-6. Generally, statutes that are more specific should control. Finally, I am persuaded that this Court's holding that the $500 limit that exists in MCL 42.21; MSA 5.46(21) is the most that a trucking company can be fined for carrying an overweight load is contrary to the purpose of the statute. Consequently, I believe that the Court of Appeals properly concluded that the fines established by plaintiff were proper. .

I

Pursuant to MCL 42.23; MSA 5.46(23), the township board may adopt state law as a township ordinance.

The township board may adopt any provision of state law or any detailed technical regulations as a

township ordinance or code by citation of such provision of state law or by reference to any recognized standard code, official or unofficial: Provided, That any such provision of state law or recognized official or unofficial standard code shall be clearly identified in the ordinance adopting the same as an ordinance of the township. Where any recognized official or unofficial standard code is so adopted, it may be published by providing to the public not less than 50 copies in book or booklet form, available for public distribution at a reasonable charge, and any amendment to or revision of such adopted code or detailed technical ordinance may be published in the same manner.

In the instant case, the Huron Charter Township Board adopted MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, the Michigan Vehicle Code, into Ordinance 88-6.

> An ordinance to protect the Public Health, Safety and General Welfare . . . by Regulating the Wheel and Axle Loads and Gross Vehicle Weight of certain vehicles operating within the Township of Huron, Wayne County, Michigan: to adopt by reference certain sections of the Michigan Vehicle Code being MCL 257.1 *et seq.* [MSA 9.1801 *et seq.*] to provide for the enforcement of said Ordinance and Penalties for the violation of same . . . .

Specifically MCL 257.724(3); MSA 9.2424(3) was incorporated into the ordinance.

> An owner of a vehicle or a lessee of the vehicle of an owner-operator, or other person, who causes or allows a vehicle to be loaded and driven or moved on a highway, when the weight of that vehicle violates section 722 is responsible for a civil infraction and shall pay a civil fine in an amount equal to 3 cents per pound for each pound of excess load over 1,000 pounds when the excess

is 2,000 pounds or less; 6 cents per pound of excess load when the excess is over 2,000 pounds but not over 3,000 pounds; 9 cents per pound for each pound of excess load when the excess is over 3,000 pounds but not over 4,000 pounds; 12 cents per pound for each pound of excess load when the excess is over 4,000 pounds but not over 5,000 pounds; 15 cents per pound for each pound of excess load when the excess is over 5,000 pounds but not over 10,000 pounds; and 20 cents per pound for each pound of excess load when the excess is over 10,000 pounds.

Defendants, however, contend that these fines violate the limits established within MCL 42.21; MSA 5.46(21). The relevant portion of MCL 42.21; MSA 5.46(21) reads:

> The township board shall provide in each ordinance for the punishment of those who violate the township's provisions. Punishment for the violation of a township ordinance shall not exceed a fine of $500.00, or imprisonment for 90 days, or both, in the discretion of the court. Fines collected for the violation of the ordinances of a charter township shall be distributed as provided in section 8379 of Act No. 236 of the Public Acts of 1961, being section 600.8379 of the Michigan Compiled Laws.

This is the limiting language of MCL 42.21; MSA 5.46(21) that defendants maintain prevents plaintiffs from imposing such heavy fines, however, the limitations included in MCL 42.21; MSA 5.46(21) are inapplicable to Ordinance 88-6 since the two involve entirely different categories of violations. Ordinance 88-6 imposes civil fines on overweight trucks while MCL 42.21; MSA 5.46(21) limits criminal penalties. In fact, MCL 257.724; MSA 9.2424, which is incorporated in Ordinance 88-6, provides that the owner of an overweight

vehicle traveling on public roads "is responsible
for a civil infraction and shall pay a civil fine
. . . ." The imposition of civil fines in Ordinance
88-6 makes sense because "[m]ost traffic offenses
are no longer criminal offenses, but are now 'civil
infractions.' MCL 257.6a; MSA 9.1806(1)." *Library
Bd v Dist Judges,* 118 Mich App 379, 387; 325
NW2d 777 (1982). Specifically, a "civil infraction"
is defined within MCL 600.113; MSA 27A.113.

> (a) "Civil Infraction" means an act or omission
> prohibited by law which is not a crime as defined
> in section 5 of Act No. 328 of the Public Acts of
> 1931, being section 750.5 of the Michigan Compiled
> Laws, and for which civil sanctions may be or-
> dered.
> (b) "Civil infraction action" means a civil action
> in which the defendant is alleged to be responsible
> for a civil infraction.
> (2) Except as otherwise provided in this act, a
> civil infraction action involving a traffic or parking
> violation shall be governed by Act No. 300 of the
> Public Acts of 1949, as amended, being sections
> 257.1 to 257.923 of the Michigan Compiled Laws.

Because the case at hand involves a traffic viola-
tion, it is necessary to examine MCL 257.1; MSA
9.1801 to MCL 257.923; MSA 9.2623 for a further
definition of a civil infraction. MCL 257.6b; MSA
9.1806(2) falls within this range of laws and pro-
vides the same definition for a civil infraction that
appears in MCL 600.113; MSA 27A.113. Hence, we
must determine whether the acts forbidden in
Ordinance 88-6 are in reality crimes under MCL
750.5; MSA 28.195. To make this determination, it
is necessary to examine how "crime" is defined in
MCL 750.5; MSA 28.195:

> [A]n act or omission forbidden by law which is
> not designated as a civil infraction, and which is

punishable upon conviction by any 1 or more of the following:

   (a) Imprisonment.
   (b) Fine not designated a civil fine.
   (c) Removal from office.
   (d) Disqualification to hold an office of trust, honor, or profit under the state.
   (e) Other penal discipline.

In this case, the acts forbidden in Ordinance 88-6 are designated as civil infractions and the fines enumerated are termed civil fines. Thus, there can be no question that the defendants' acts in violation of Ordinance 88-6 do not constitute crimes, but instead are civil infractions. This conclusion is critical to the case because "[c]ivil infractions are not crimes and are not punishable by imprisonment or by 'penal fines.'" *Library Bd, supra* at 387. Because the limits imposed under MCL 42.21; MSA 5.46(21), "Punishment for the violation of a township ordinance shall not exceed a fine of $500.00, or imprisonment for 90 days" involve imprisonment, they must be inapplicable to the civil fines being imposed under Ordinance 88-6.

The majority, however, argues that MCL 42.21; MSA 5.46(21), as enacted at the time of trial, did not make a distinction between civil and criminal fines. In order to support this contention, the majority examines the subsequent amendment of MCL 42.21; MSA 5.46(21), which was contained in 1994 PA 13.

   The amendment of MCL 42.21; MSA 5.46(21), by 1994 PA 13, allows townships to create "civil infraction[s]" and to provide for "civil fine[s]." These civil fines were specifically exempted from the $500 limitation on fines by this amendment, which became effective May 1, 1994. In accordance with the general rule of statutory construction

> that an amendment is to be construed as changing
> the statute amended, *Bonifas-Gorman Lumber Co
> v Unemployment Compensation Comm*, 313 Mich
> 363, 369; 21 NW2d 163 (1946), this amendment
> supports our view that the prior statute had no
> such distinction in its scheme. [*Ante*, pp 365-366.]

The majority, however, fails to realize that when
the Legislature made this change in MCL 42.21;
MSA 5.46(21), it did not change the way that
traffic violations, the subject of this suit, are han-
dled. In fact, the legislative history of this change
notes this very fact.

> It has been suggested, therefore, that local units
> of government be given the option of creating a
> municipal ordinance violations bureau and bring-
> ing civil, rather than criminal, actions against
> persons who violate local ordinances—in *much the
> same way that traffic violations currently are han-
> dled.* [Senate Fiscal Agency Analysis, SB 731
> through 745 (as enrolled), March 23, 1994, p 1.
> Emphasis added.]

Therefore, when the Legislature altered MCL
42.21; MSA 5.46(21) so as to allow townships to
declare certain ordinances civil infractions that
were not limited by the $500 ceiling, it was not
suddenly making a new distinction between civil
and criminal infractions. Instead, it was expanding
the number of offenses that could be termed civil
and treated in the same manner as traffic viola-
tions had been before this change. At the time of
trial, traffic violations were civil infractions and as
such were not criminal and were not limited by
the $500 ceiling in MCL 42.21; MSA 5.46(21).

The inapplicability of MCL 42.21; MSA 5.46(21)
is also supported by the Court of Appeals decision
in *Wayne Co Prosecutor v Wayne Circuit Judge*,
154 Mich App 216; 397 NW2d 274 (1986). There

the Court of Appeals was faced with a conflict between the Vehicle Code and the Code of Criminal Procedure. The Court chose to apply the language contained within the Vehicle Code because its language was more specific than the general language offered in the Code of Criminal Procedure.

> The Code of Criminal Procedure is obviously a generic statute, designed with no particular substantive penal provision in mind. However, § 902 of the vehicle code is specific, at least in terms of offenses defined as felonies under that particular body of statutory law. [*Id.* at 221.]

The Court of Appeals decision was based on the rule that where two acts or provisions are in conflict, the more specific act will apply.

> Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act, as the Legislature is not to be presumed to have intended a conflict. [*Id.* at 221, citing *Crane v Reeder,* 22 Mich 322 (1871).]

In this case, the Vehicle Code, MCL 257.724(3); MSA 9.2424(3), lists specific penalties for specific types of violations, whereas the fine limits established in MCL 42.21; MSA 5.46(21) are generic. MCL 42.21; MSA 5.46(21) simply offers a blanket statement that there is a general $500 or ninety-day limit on such fines. Consequently, the language contained within MCL 257.724(3); MSA 9.2424(3) is more specific and should take precedence.

Finally, in view of the generally accepted rule that the intent of the Legislature should govern when interpreting statutes, it is important to look to the legislative intent behind MCL 257.724; MSA 9.2424.

> There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. [*Grand Rapids v Crocker,* 219 Mich 178, 182; 189 NW 221 (1922).]

This Court specifically recognized the legislative intent behind MCL 257.724; MSA 9.2424 in *People v Wolfe,* 338 Mich 525, 540-541; 61 NW2d 767 (1953).

> It is commonly recognized that heavily loaded trucks and trailers may, and do, cause serious damage to public highways. . . . It may be assumed that the legislature in the enactment of the provision in question had in mind the practical necessity of providing penalties that would deter owners and operators of commercial vehicles from using the public highways of the State for the purpose of transporting quantities of merchandise of such weight as to be destructive to such highways, to the danger of traffic thereon and to the detriment of the public generally.

Obviously, a fine limited to $500 would not serve to deter owners and operators of commercial vehicles from carrying dangerously excessive loads that would both destroy the highways and endanger the public. The Huron Charter Township Board, by adopting Ordinance 88-6 with the fines established in MCL 257.724; MSA 9.2424, sought

to avoid destruction of their township roads and danger to the people who travel them.

### CONCLUSION

I believe that the Court of Appeals correctly concluded that the statutory $500 limit on fines for violation of charter township ordinances does not apply to Ordinance 88-6. MCL 42.21; MSA 5.46(21) is designed with criminal ordinances in mind, and Ordinance 88-6 is a civil ordinance with civil penalties. Thus, I conclude that MCL 42.21; MSA 5.46(21) is inapplicable. Moreover, even if MCL 42.21; MSA 5.46(21) were applicable and in conflict with Ordinance 88-6, Ordinance 88-6 would take precedence because its language is more specific. This finding that the fines under Ordinance 88-6 are not limited also serves to better fulfill the purpose of the statute, which is to protect the roads and the people who travel them. I would affirm the Court of Appeals decision that affirmed the lower court's holding in *City Disposal* and reversed the trial court's holding in *Inland Waters.*

CAVANAGH, J., concurred with RILEY, J.