CITY OF DETROIT v RECORDER'S COURT JUDGE

Docket No. 78-2362. Submitted August 9, 1978, at Detroit.—Decided August 21, 1978. Leave to appeal denied, 404 Mich —, 1978.

Recorder's Court Judge William C. Hague, of the Traffic and Ordinance Division, consistently dismissed nontraffic ordinance violation complaints presented in ticket form, refusing to issue arrest warrants or order a respondent retained in custody without the appearance of the arresting officer at the arraignment proceedings because he believes that the procedures used by the City of Detroit in processing such cases are illegal. The city filed a complaint for superintending control in Wayne Circuit Court seeking an order that would require Judge Hague to process ticket complaints. Orders were issued by Richard D. Dunn, J., directing the defendant-judge to accept the ticket complaints. The defendant appeals, challenging the power of the circuit court to issue the order of superintending control, and the propriety of Detroit Police Department practices in nontraffic ordinance violation cases. He contends that a suspect may not be arrested without a warrant before a sworn complaint is filed, that an arrest warrant must be issued to continue the custody of a suspect who is before the court for arraignment, that the arresting officer must be present at the arraignment and that he cannot accept pleas of guilty without compliance with the court rule governing plea acceptance. *Held:*

1. Circuit courts have general superintending control over all inferior tribunals; superintending control is the proper vehicle to challenge a generalized practice of an inferior court.

2. An arrest without a warrant is authorized where a police

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts §§ 111–114.

[2, 3] 20 Am Jur 2d, Courts §§ 115–117.

[4] 20 Am Jur 2d, Courts §§ 84, 85.

[5] 5 Am Jur 2d, Appearance §§ 14–16.

[6] 5 Am Jur 2d, Arrest § 38.

[7] 5 Am Jur 2d, Arrest §§ 10, 11, 76, 77.

[8, 9] 21 Am Jur 2d, Criminal Law §§ 441, 443, 446, 454.

[10] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

officer sees a violation of a nontraffic ordinance being committed in his presence.

3. The issuance of an arrest warrant is unnecessary after a suspect has been brought before the court for arraignment.

4. The procedure of permitting an arraigning officer, not the arresting officer to present respondents at ticket-complaint-arraignment proceedings does not violate due process.

5. The Recorder's judge misread the court rule which was not applicable to guilty plea proceedings for offenses punishable by a prison term of less than six months.

Affirmed.

1. COURTS—SUPERINTENDING CONTROL—INFERIOR TRIBUNALS—STATUTES.

Circuit courts have general superintending control over all inferior tribunals (MCL 600.615; MSA 27A.615).

2. COURTS—SUPERINTENDING CONTROL—INFERIOR TRIBUNALS—GENERALIZED COURT PRACTICES.

Superintending control is the proper vehicle by which to challenge a generalized practice of an inferior court.

3. COURTS—SUPERINTENDING CONTROL—ADEQUATE REMEDY—AVAILABILITY—COURT RULES.

A complaint for superintending control may not be filed if another adequate remedy is available to the party seeking the order; however, superintending control could be the proper avenue of relief where another remedy would be too time-consuming and burdensome to be called adequate (GCR 1963, 711.2).

4. COURTS—RECORDER'S COURT—COURT PROCEDURES—STATUTES.

The statute governing procedures for ordinary violation cases in the Recorder's Court of the City of Detroit requires a written complaint, sworn before a clerk, subscribed by the complainant and which sets forth the substance of the offense (MCL 726.22; MSA 27.3572).

5. COURTS—APPEARANCE TICKETS—AUTHORIZED USE—STATUTES.

Appearance tickets are authorized for use in municipal and district courts (MCL 764.9f; MSA 28.868[6]).

6. ARREST—WITHOUT WARRANT—NONTRAFFIC ORDINANCES—STATUTES.

An arrest without a warrant is authorized where a police officer sees a violation of a nontraffic ordinance being committed in his presence (MCL 764.15; MSA 28.874).

7. Arrest—Arrest Warrant—Arraignment.

The issuance of an arrest warrant is unnecessary after a suspect has been brought or makes an appearance before the court for arraignment.

8. Courts—Recorder's Court—Arraignment—Probable Cause— Due Process.

Generally, a properly completed ticket-complaint form will fulfill the probable cause requirements for arraignment in Recorder's Court of the City of Detroit; the procedure of permitting an arraigning officer, not the arresting officer, to present respondents at arraignment proceedings satisfies the requirement of due process without jeopardizing the efficient enforcement of the law.

9. Courts—Arraignment—Ticket-Complaint Form—Probable Cause.

The necessity for additional facts to satisfy probable cause should be the exception not the rule, where a ticket-complaint form is used at an arraignment.

10. Criminal Law—Pleas of Guilty—Guilty Plea Proceedings— Court Rules.

Certain portions of the court rule on taking guilty pleas are not applicable to guilty plea proceedings for offenses punishable by a prison term of less than six months (GCR 1963, 785.7; 785.10).

*Roger E. Craig,* Corporation Counsel, *George G. Matish,* Deputy Corporation Counsel, and *Robert Norvath,* Assistant Corporation Counsel, for plaintiff.

*Metry, Metry & Sanom* (by *Frederick E. Metry* and *Kenneth J. Kurncz),* for defendant.

N. J. Kaufman, P. J., and Bashara and R. M. Maher, JJ.

Per Curiam. Appellant appeals from a circuit court order of superintending control which requires him to follow certain procedures in the processing of nontraffic ordinance violation cases.

This controversy involves the use of preprinted ticket forms to serve as complaints, and as the bases for the issuance of arrest warrants, in non-traffic ordinance violation cases before Recorder's Court Traffic and Ordinance Division. Typically, the arresting officer, having seen a violation of the ordinance being committed in his presence, arrests the respondent and completes a ticket-complaint form. The substance of the offense is written in on the ticket form as, for example, "accosting and soliciting to commit an act of prostitution". The arresting officer takes the respondent to the police station, where the officer signs the ticket and swears to the facts therein before a deputy court clerk.[1] The respondent is offered the opportunity to post bail, as required by MCL 780.581; MSA 28.872(1) and *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974). The respondent is then arraigned before a Traffic and Ordinance Division judge. An arraigning officer, not the arresting officer, presents the ticket-complaint to the judge.

Appellant has consistently dismissed nontraffic ordinance violation complaints presented in ticket form. He has refused to issue arrest warrants or to order the respondent retained in custody without the personal appearance of the arresting officer at the arraignment proceedings, because he believes that the procedures used by the city in processing nontraffic ordinance violation cases are illegal.

The City of Detroit filed a complaint for superintending control in Wayne County Circuit Court to seek an order requiring appellant to process ticket complaints. The circuit judge issued a series of orders directing appellant to accept the complaints. The last order of clarification, issued on May 30, 1978, provided in pertinent part:

---

[1] *See People v Russell,* 347 Mich 193; 79 NW2d 603 (1956).

"IT IS HEREBY ORDERED that, upon the arrest of any person for violation of a non-traffic ordinance in the City of Detroit, a complaint shall be filed, under oath, setting forth the nature of the offense, accompanied by a summons issued out of the clerk's office commanding the respondent to appear on the date set forth to answer said complaint;

"IT IS FURTHER ORDERED, that if the respondent shall tender a plea of guilty the Judge shall thereupon accept the plea of guilty; if the respondent fails to appear the Judge shall then examine the matters set forth in the complaint, and, upon a finding of probable cause, shall forthwith issue a warrant for the arrest of said person; if the respondent pleads not guilty the Court shall thereupon examine the complaint and if there is a finding of probable cause, shall forthwith issue a warrant pursuant to the complaint;

"IT IS FURTHER ORDERED that the proceedings hereby ordered shall in no wise interfere with the Court's authority to issue a recognizance for the respondent's appearance with such sureties as the Court may in its discretion direct.

"Trial shall be had upon the complaint and warrant as hereinbefore mentioned."

Appellant appeals from that order and raises several issues worthy of discussion.

First, appellant challenges the power of the circuit court to issue an order of superintending control. MCL 600.615; MSA 27A.615 provides that the circuit courts have general superintending control over all inferior tribunals. Superintending control is the proper vehicle by which to challenge a generalized practice of an inferior court, in this case the Recorder's Court Traffic and Ordinance Division. *Cahill v 15th District Judge,* 393 Mich 137; 224 NW2d 24 (1974), *Michigan Association for Retarded Citizens v Wayne County Probate Judge,* 79 Mich App 487, 493; 261 NW2d 60 (1977). In the case at bar plaintiff had no other adequate remedy

by appeal. GCR 1963, 711.2. Plaintiff would have had to challenge each dismissal separately, a remedy which would be too time-consuming and burdensome to be called "adequate". Because appellant's method of conducting his general court proceedings in all cases which present a common, legal and factual situation is at issue, superintending control is the proper avenue for relief.

Appellant next raises several issues regarding the Detroit Police Department practices in non-traffic ordinance violation cases. MCL 726.22; MSA 27.3572, the statute governing procedures for ordinary violation cases in Recorder's Court, provides:

"Said recorder's court shall have exclusive cognizance of all prosecutions for offenses arising under this act, or any ordinance or regulation of the common council. All such prosecutions shall be commenced by filing with the clerk of said court a complaint, in writing, in the form of an affidavit, duly sworn to before said clerk, and subscribed by the person making the complaint, and having endorsed thereon the proper jurat of said clerk; and it shall be deemed sufficient to set forth, in said complaint, the offense complained of, according to its substance. When a complaint shall be filed as herein provided, a summons shall be issued by the clerk of said court, commanding the respondent in said complaint to appear before said court on a day therein mentioned, to answer to said complaint, and if said respondent shall fail to appear in obedience to said summons, warrants may be issued by the clerk upon the order of said court, for the arrest of said respondent, who shall be committed to the jail of Wayne county to await trial upon said complaint, unless he enter into a recognizance for his appearance to answer to said complaint, in such sum, and with such sureties as said court may, by a general or special order direct. A warrant may be issued in the first instance, upon the order of said court. The trial shall be had and determined upon said complaint, and upon pleadings, which may be amended, in the same

manner as indictments or informations and pleadings under the general laws of the state."

This statute requires (1) a written complaint, which is (2) sworn before a clerk and (3) subscribed by the complainant, and which (4) sets forth the substance of the offense. This Court's review of the particular ticket form used in Detroit to process nontraffic ordinance violation cases indicates that the ticket satisfies the requirements of a complaint. The words, "accosting and soliciting to commit an act of prostitution" do set forth the substance of the offense. Appearance tickets are authorized for use in municipal and district courts. See MCL 764.9f; MSA 28.868(6). All that is required to make an appearance ticket a sufficient complaint is a signing and swearing by the complainant. Current Detroit Police Department procedures do comport with these requirements.

Appellant also argues (1) that the suspect may not be arrested without a warrant before a sworn complaint is filed, and (2) that an arrest warrant must be issued to continue the custody of a suspect who is before the court for arraignment. These contentions are lacking in merit. Where a police officer sees a violation of a nontraffic ordinance being committed in his presence, the Legislature clearly intended to authorize the warrantless arrest of the violator pursuant to MCL 764.15; MSA 28.874. MCL 764.9(b); MSA 28.868(2), for example, provides for the issuance of an appearance ticket to a defendant and for the defendant's release from custody where he has been "arrested without a warrant for any misdemeanor, violation of a city, village or township ordinance cognizable by a justice of the peace or a municipal judge * * * ". If warrantless arrests for violations of a city ordi-

nance were not proper, then MCL 764.9(b) would be meaningless.

After the suspect has been brought before the court for arraignment, issuance of an arrest warrant is unnecessary. The general rule is stated in 22 CJS, Criminal Law, § 316, p 815:

" * * * since the only function of the warrant in a criminal case is to enable the court to acquire jurisdiction of the person of accused by bringing him before the court to answer the charge made against him, *where a person is arrested lawfully, without a warrant, and is immediately taken before the court, or when accused appears voluntarily and pleads to the complaint, or when his presence is secured in some other way, there is no necessity for a warrant.*" (Emphasis supplied.)

In People v Burrill, 391 Mich 124, 131; 214 NW2d 823 (1974), our Supreme Court implicitly recognized the above principle by speaking of "the limited use of arrest warrants to justify or effectuate the physical arrest of accused persons". Appellant's argument regarding the necessity of an arrest warrant therefore must be rejected.

Another reason for appellant's refusal to process the ordinance violation complaints is the absence of the arresting officer at the arraignment proceedings. Appellant's objection is without merit. In *People v Burrill, supra,* the Supreme Court noted:

"Bearing in mind the limited use of arrest warrants to justify or effectuate the physical arrest of accused persons, we have concluded that the added protection of an *ex parte* examination of witnesses upon the filing of every complaint does not justify our imposing, through a belated revisionary construction of the statutory language, this added expense on the state and the inconvenience of still another court appearance on victims and other witnesses."

The procedure of permitting an arraigning officer, not the arresting officer, to present the respondents at arraignment proceedings satisfies the requirements of due process without jeopardizing the efficient enforcement of the law in Detroit. It is unrealistic to require arresting officers to present individually all their cases in court the following day. If an individual respondent contests the nature of the charge on the appearance ticket, that respondent has ample opportunity to do so either before the referee or a Traffic and Ordinance Division judge. In almost all cases, a properly completed ticket-complaint form will fulfill the probable cause requirements for arraignment. Under the circuit court order of superintending control, appellant still has the discretion to require the police department to produce the arresting officer if, for some reason, a particular ticket-complaint does not "set forth * * * the offense complained of, according to its substance". MCL 726.22. The necessity for additional facts to satisfy probable cause should be the exception not the rule, where a ticket-complaint form is used.

Finally, appellant argues that the circuit court erred in ordering him to accept pleas of guilty in ordinance violation cases without requiring that he comply with GCR 1963, 785.7. Appellant has apparently misread the court rule. GCR 1963, 785.7 is not applicable to guilty plea proceedings for offenses punishable by a prison term of less than six months. GCR 1963, 785.10. We do not read the words, "The Judge shall thereupon accept the plea of guilty" in the circuit court's order as requiring appellant to automatically accept any pleas of guilty. Appellant must first comply with the court rules which *are* applicable to plea-taking for the particular offense charged.

This Court's June 22, 1978 order, which stayed proceedings below and relieved appellant of non-traffic ordinance violation cases, is set aside.

The circuit court order of superintending control is affirmed.