LOCKHART v THIRTY-SIXTH DISTRICT COURT JUDGE

Docket No. 144965. Submitted January 19, 1994, at Detroit. Decided
    May 2, 1994, at 9:05 A.M.

Steve Lockhart, an attorney, brought an action in the Wayne
    Circuit Court against 36th District Court Judge John Cozart,
    seeking a writ of superintending control ordering Judge Cozart
    to accommodate attorneys and litigants whose matters have
    been scheduled simultaneously in different courtrooms in the
    real estate division of the 36th District Court. The court,
    Richard C. Kaufman, J., granted a writ of superintending
    control requiring Judge Cozart reasonably to accommodate
    attorneys and litigants who have matters set for hearing in his .
    court and other 36th District Court courtrooms on the same
    day. Judge Cozart appealed.

    The Court of Appeals held:

    1. For superintending control to lie, the plaintiff must estab-
lish the absence of an adequate legal remedy and that the
defendant failed to perform a clear legal duty.

    2. Judge Cozart abused his discretion by implementing poli-
cies and practices that failed to recognize the problems of the
court and the needs of the parties. In doing so, he failed to
perform a clear legal duty.

    3. Judge Cozart had an established policy that was biased
against attorneys reasonably covering matters in other court-
rooms, arbitrarily forcing attorneys to remain in his courtroom
until their cases were heard, and he did not justify the in-
stances recited at trial where his policy worked a hardship on
attorneys or parties. Judge Cozart failed to perform a clear
legal duty in not finding good cause to defer calling certain
cases because the attorneys were justifiably in other court-
rooms.

    4. An adequate legal remedy is lacking.

    Affirmed.

REFERENCES

Am Jur 2d, Process § 1; Mandamus §§ 31, 314, 316.
See ALR Index under Mandamus; Process and Service of Process.

SUPERINTENDING CONTROL — LEGAL REMEDIES — CLEAR LEGAL
    DUTIES.
    A plaintiff generally must establish the absence of an adequate
    legal remedy and that the defendant failed to perform a clear
    legal duty before a writ of superintending control may be
    granted.

*Lynda M. Mays,* for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY
and J. R. ERNST,* JJ.

MARILYN KELLY, J. Defendant, 36th District
Court Judge John Cozart, appeals as of right from
a circuit court order granting a writ of superin-
tending control. The writ instructed Judge Cozart,
inter alia, to accommodate attorneys and litigants
whose matters have been scheduled simultane-
ously in different courtrooms in the real estate
division of the 36th District Court. We affirm.

I

Steve Lockhart, an attorney for the United Com-
munity Housing Coalition, brought the action. He
alleged that on December 20, 1990, another attor-
ney approached him to adjourn the hearing on a
motion to set aside a default judgment scheduled
that day in the real estate division. Lockhart
agreed. The other attorney was to inform the
judge, John Cozart. After checking in according to
the real estate division's established procedure,
Lockhart began a trial before District Court Judge
Nancy Farmer. During the trial, Lockhart was
notified that Judge Cozart had set aside the judg-
ment in the real estate division matter, scheduled
trial and assessed costs of $200 against him.
Lockhart sought a writ of superintending con-

* Circuit judge, sitting on the Court of Appeals by assignment.

trol. He alleged Judge Cozart's action was not an isolated occurrence and that the costs assessed were unreasonable and without basis. He asserted that the judge's conduct violated canons 1 and 3 of the Michigan Code of Judicial Conduct. He argued that Judge Cozart had a policy of imposing sanctions if an attorney was not physically present when his case was called and that the policy violated MCR 8.116(C). The court rule states:

> (C) Staggered Scheduling: A judge shall stagger the docket schedule so that an attorney or party may be heard within a time reasonably close to the scheduled time, and, except for good cause, the docket shall be called in order.

Judge Cozart moved for summary disposition pursuant to MCR 2.116(C)(10). The motion was denied.

A bench trial was held on the complaint on May 10, 1991. Judge Cozart's attorney informed the court that the costs the judge had assessed against Lockhart had been rescinded on appeal. The circuit court limited the hearing to:

> [T]he claim that Judge Cozart without a countervailing [sic] policy reason to benefit the efficient running of that court, has not allowed attorneys to represent multiple clients in other courts and by doing so has violated the court rule on staggering the call.

After taking considerable testimony on the operation of the real estate division of the 36th District Court, the circuit court judge found

> [T]hat the judge in taking actions in his courtroom and controlling the proceedings, needs little justification to support why he requires the presence of an attorney or why he doesn't for when

matters are scheduled and when matters are called.

But, at the same time, this court clearly finds under the law that some level of justification is required. MCR 8.116(C) is a court rule that places a limitation upon a court's general power under the court rules to control proceedings in their court. It requires a staggered docket. The rule is mandatory not discretionary.

The judge went on to conclude that Judge Cozart had a policy which required attorneys and litigants to wait in his courtroom until their case was called. The court found the policy worked a hardship on attorneys and litigants. The court also found that Judge Cozart failed to offer justification for the policy in the instances introduced at trial. The circuit judge concluded that, by adoption of the policy, Judge Cozart violated a clear legal duty. He granted a writ of superintending control which states:

It is further ordered that the Honorable John Cozart shall reasonably accommodate attorneys and litigants who have matters set for hearing in his court and other 36th District Court courtrooms on the same day.

It is further ordered that if a case is called in the Honorable John Cozart's courtroom when an attorney or litigant has checked in to Judge Cozart's courtroom but the attorney or litigant is unavailable because that attorney or litigant has gone to another 36th District Court courtroom to represent a client or him/herself in another case, Judge Cozart shall pass the case without sanction of the attorney or litigant, UNLESS Judge Cozart shall have, and shall so state on the record, the docket control justification for not passing the case until the attorney or litigant shall return to Judge Cozart's courtroom, or UNLESS all other cases on that day's docket of Judge Cozart have been completed.

Judge Cozart requests that the writ of superintending control be vacated.

II

The circuit court, this Court and our Supreme Court have jurisdiction to issue superintending control orders to lower courts under MCR 3.302. Recently, a panel of our Court observed that superintending control is the proper vehicle to challenge the general practices of an inferior court. *In re Lafayette Towers,* 200 Mich App 269, 272; 503 NW2d 740 (1993), citing *Bd of Library Comm'rs v Judges of the 70th Dist Court,* 118 Mich App 379; 325 NW2d 777 (1982). An earlier panel of our court reached a similar conclusion when it observed that:

> Because appellant's method of conducting his general court proceedings in all cases which present a common, legal and factual situation is at issue, superintending control is the proper avenue for relief. [*Detroit v Recorder's Court Judge,* 85 Mich App 284, 289; 271 NW2d 202 (1978).]

Generally, for superintending control to lie, a plaintiff must establish the absence of an adequate legal remedy and that a defendant failed to perform a clear legal duty. *In re Recorder's Court Bar Ass'n v Wayne Circuit Court,* 443 Mich 110, 134; 503 NW2d 885 (1993). The nature and extent of the legal duty required by MCR 8.116(C) is a question of law subject to de novo review. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

The rules of statutory construction apply to court rules. *Michigan Basic Property Ins Ass'n v Hackert Furniture,* 194 Mich App 230, 234; 486 NW2d 68 (1992). A court rule should be construed

in accordance with the ordinary and approved usage of the language in light of the purpose to be accomplished by its operation. *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 332; 486 NW2d 128 (1992). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). Absurd and unreasonable results are to be avoided. *Gibson v Bronson Methodist Hosp,* 197 Mich App 67, 73; 495 NW2d 162 (1992), lv gtd 443 Mich 869 (1993). Moreover, the court rules are to be construed to secure the just, speedy and economical determination of every action. Construction should avoid the consequences of error that does not affect the substantial rights of the parties. MCR 1.105.

We find portions of MCR 8.116(C) clear and unambiguous. First, use of the term "shall" indicates that the judge has a legal duty to stagger the docket schedule to allow an attorney or party to be heard without unreasonable delay. Furthermore, the court rule clearly indicates that the docket must be called in order.

However, the clear obligations to stagger the schedule and call cases in order are not absolute, because the rule uses the vague phrase "except for good cause" to temper them. The phrase "except for good cause" means that the trial judge has considerable discretion to decide when and if it is appropriate to pass over a case. Moreover, it enables the judge to implement other courtroom practices to promote the just and efficient handling of the docket.

III

We are called upon to determine, in this case, whether Judge Cozart's practices and policies in

this regard amounted to an abuse of discretion. We find that the judge did abuse his discretion by implementing policies and practices which failed to recognize the problems of the court and the needs of the parties. In so doing, the judge failed to perform a clear legal duty.

The facts adduced at trial demonstrate that the real estate division is extremely busy, with nearly 33,000 cases filed in 1990. The court schedules all cases to be heard at 8:30 A.M. In practice, this means that counsel or pro se litigants check in between 8:30 and 9:30 A.M. at a central location. When all sides in a case have checked in, they and the file are sent to a courtroom.

Legal aid organizations which represent indigent parties are overburdened with enormous work loads in the real estate division. Because of the volume of their caseloads and the scheduling practices of the court, they schedule several matters for the same day in order to use their time efficiently. Their spokespersons describe this procedure as a practical accommodation to the realities of the operation of the real estate division of the 36th District Court.

We agree with Judge Kaufman's conclusion. We too are persuaded by the testimony of plaintiff's witnesses that Judge Cozart had an established policy which was biased against attorneys reasonably covering matters in other courtrooms. The policy arbitrarily forced attorneys to remain in his courtroom until their case was heard.[1] We agree

---

[1] The following testimony provides an example of Judge Cozart's practices which plaintiff sought to limit through a writ of superintending control:

The Witness: I believe it was January of '90. Wherein I brought a motion before Judge Cozart that he dismiss himself from any VA matters. He indicated to me that that motion would have to be filed in writing. I said I don't believe so your

with Judge Kaufman's assessment that defendant introduced no evidence to show justification for the instances recited at trial where his policy worked a hardship on attorneys or parties. Consequently, Judge Cozart failed to perform a clear legal duty in failing to find good cause to defer calling certain cases because the attorneys were justifiably in other courtrooms.

An adequate legal remedy is also lacking. While plaintiff might have challenged each dismissal or assessment of costs separately, it would constitute a remedy "too time-consuming and burdensome to be called 'adequate.'" *Detroit,* p 289. See also *In re Recorder's Court Bar Ass'n,* pp 135-136.

Honor, its only come to my attention this moment. I want to bring that motion and the court rules permit me to bring an oral motion. He said show me the court rule. I requested a copy of the court rules in the court. He indicated that such a copy was not available. I had to go down the hall to get one. I went down the hall to get one, came back, sat down, realized he would put me over to the end of the call probably. Every time I got up to leave the courtroom, he would reach for my file. I'd sit back down and he'd go on to another case. This went on, I was the last attorney called that day.

*The Court:* Okay. Could you give me a little more detail? You said each time you got up to leave he would reach for your file?

*The Witness:* Correct.

*The Court:* How did you know it was your file?

*The Witness:* I presumed, this is my presumption, that it was my file.

*The Court:* Tell me exactly what you observed.

*The Witness:* He was behind the bench. When I determined I should go to the other courtroom where I had business he would then reach and grab a file. When I would sit back down—.

*The Court:* Was he looking at you?

*The Witness:* Yes. He'd put the file back down.

*The Court:* He wouldn't put it down until you sat back down?

*The Witness:* Correct.

*The Court:* How long a period did this occur?

*The Witness:* I waited to the end. Finally I realized what was happening, I waited until the end of the call and was called back.

*The Court:* How long a period?

*The Witness:* I'd say it was after—I'd say it was 12:15. 12:30 when I left the courtroom I had probably been there since 9:30.

Issuance of the writ of superintending control was entirely appropriate. Affirmed.