*In re* LAPEER COUNTY CLERK

Docket No. 225025. Submitted April 25, 2000, at Lansing. Decided September 12, 2000, at 9:05 A.M. Leave to appeal sought.

The Lapeer County Clerk and the Michigan Association of County Clerks brought an action for superintending control in the Court of Appeals against judges of the Lapeer Circuit Court (Fortieth Judicial Circuit Court), seeking the invalidation of Fortieth Judicial Circuit Administrative Order No. 2000-01, which reassigned the county clerk's duties as clerk of the court for the family division of the Lapeer Circuit Court to the staff of the family division, and a directive instructing the judges of the Lapeer Circuit Court, Family Division, to permit the county clerk to perform duties assigned to her by statute or court rule as clerk of the court for the family division. Lapeer County intervened as a defendant. The defendants moved for dismissal, with both defendants arguing that the Court of Appeals lacks subject-matter jurisdiction and with the circuit judges additionally arguing that plaintiff clerks' association lacks standing and that the complaint does not state a claim on which relief can be granted.

The Court of Appeals *held*:

1. The Court of Appeals has subject-matter jurisdiction to issue writs of superintending control to lower courts and tribunals in those limited cases in which the general practices of the inferior court or tribunal are contrary to a clear legal duty, there is no other adequate remedy, and an action or proceeding could have been brought in the lower court or tribunal that, when concluded, would result in an order appealable to the Court of Appeals. This case is one of those limited cases where the Court of Appeals can issue a writ of superintending control. The displacement of plaintiff county clerk as clerk of the court for the family division of the Lapeer Circuit Court is contrary to constitutional, statutory, and court rule provisions designating the clerk of a county as clerk of the circuit court for that county and prescribing the duties of the county clerk as clerk of the circuit court. An appeal and a favorable decision in a single case involving the generalized practices of an inferior court or tribunal is an inadequate remedy for improper practices by an inferior court or tribunal. Plaintiff county clerk could have brought

an action for declaratory judgment, which, when concluded, would have resulted in an order appealable to the Court of Appeals.

2. Plaintiff clerks' association lacks standing. Standing requires a demonstration that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large. The clerks' association has not demonstrated an actual injury or likely chance of immediate injury with its speculative claim that other circuit courts may, to the detriment of other county clerks who are members of plaintiff association, adopt administrative orders similar to that at issue in this case.

3. The plaintiffs' complaint states a claim on which relief can be granted. The request for a writ of superintending control is granted in part. Those portions of the administrative order that direct family court staff, rather than plaintiff county clerk, to perform duties assigned to the county clerk by statute or court rule, are declared unlawful. The judges of the Lapeer Circuit Court, Family Division, are directed to permit plaintiff county clerk to perform duties assigned to her by statute or court rule as clerk of the court for the family division. Those portions of the administrative order that delegate to family court staff duties other than those assigned to the county clerk by statute or court rule are declared lawful.

Motion to dismiss denied, except for the motion regarding plaintiff clerks' association for lack of standing; motion to dismiss regarding plaintiff clerks' association for lack of standing, granted; request for writ of superintending control granted in part.

1. SUPERINTENDING CONTROL — COURT OF APPEALS — GENERAL PRACTICES OF LOWER COURTS OR TRIBUNALS.

The Court of Appeals has subject-matter jurisdiction to issue writs of superintending control to lower courts and tribunals in those limited cases in which the general practices of the inferior court or tribunal are contrary to a clear legal duty, there is no other adequate remedy, and an action or proceeding could have been brought in the lower court or tribunal that, when concluded, would result in an order appealable to the Court of Appeals (Const 1963, art 6, § 10; MCL 600.310; MSA 27A.310; MCR 3.302, 7.203[C]).

2. PARTIES — STANDING.

"Standing" is a legal term used to denote the existence of a party's interest in the outcome of litigation that will ensure sincere and vigorous advocacy; however, evidence that a party will engage in full and vigorous advocacy, by itself, is insufficient to establish standing; standing requires a demonstration that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large.

3. PUBLIC OFFICERS — COUNTY CLERKS — CLERKS OF CIRCUIT COURTS.

The clerk of a county is designated under the state constitution as the clerk of the court for the circuit court of that county; a statute provides that the clerk of a county shall serve as the clerk of the court for the family division of a county circuit court; duties prescribed by statute or court rule for a county clerk as clerk of a county circuit court may not be reassigned to persons other than the county clerk (Const 1963, art 6, § 14, MCL 600.571, 600.1007; MSA 27A.571, 27A.1007; MCR 8.105, 8.119).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Michael J. Hodge* and *Bernard R. Marinelli*), for Lapeer County Clerk and Michigan Association of County Clerks.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Darrin F. Fowler,* Assistant Attorney General, for Lapeer Circuit Court.

*Lange & Cholack, P.C.* (by *Craig W. Lange* and *Barbara F. Doolittle*), for Lapeer County.

Amici Curiae:

*Barry L. Howard* and *Julie M. Hirsch,* for Michigan Judges Association.

*Frederick R. Mulhauser,* for Michigan Probate Judges Association.

*James M. Collins,* for Michigan District Judges Association.

Before: OWENS, P.J., and GRIFFIN and WHITBECK, JJ.

GRIFFIN, J. "As with circuit court, the county clerk is the clerk of the court for the family division of the circuit court." 1996 PA 388, § 1007, MCL 600.1007; MSA 27A.1007.

This is an original action requesting a writ of superintending control filed by plaintiffs Marlene M. Bruns, in her capacity as the Lapeer County Clerk, and the Michigan Association of County Clerks. Plaintiffs' complaint requests this Court to (1) declare unlawful Fortieth Judicial Circuit Administrative Order No. 2000-01, and (2) direct the judges of the Fortieth Circuit Court, Family Division, to comply with Const 1963, art 6, § 14, statutes, and court rules by permitting plaintiff Bruns to perform her legally authorized duties as clerk of the court for the family division of the circuit court.

In response to the complaint, Lapeer County has intervened as a party defendant and defendants Lapeer County and Lapeer Circuit Court (Fortieth Judicial Circuit) have filed motions to dismiss. Both defendants argue lack of subject-matter jurisdiction. The circuit court, only, further alleges lack of standing by plaintiff clerks' association and lack of merit of plaintiffs' complaint. Oral arguments have been held on the motions and no genuine issues of material fact have been raised.

We grant the motion to dismiss regarding plaintiff clerks' association on the basis that this plaintiff lacks standing. In all other respects, defendants' motions are denied.

We grant, in part, the writ of superintending control requested by plaintiff Marlene M. Bruns. We declare unlawful those portions of AO 2000-01 that direct family court staff, rather than the county clerk, to perform those duties assigned to the county clerk by statute and court rule, and we direct the judges of the Fortieth Circuit Court, Family Division, to permit plaintiff Bruns to perform those duties assigned her

by statute and court rule as clerk of the court for the family division of the circuit court. We declare lawful those remaining portions of AO 2000-01 that delegate to family court staff duties other than those assigned to the county clerk by statute or court rule.

I

STATEMENT OF FACTS

On February 2, 2000, the Fortieth Judicial Circuit adopted AO 2000-01 regarding family court operations. AO 2000-01 in its entirety states:

> In order to implement the changes required by the legislation creating the Family Division of the Circuit Court (PA 374 and 388 of 1996), to enhance and clarify the procedures to be followed in the new Family Court, to clarify the role of the County Clerk in the operations of the Family Court, to merge the procedures previously followed in juvenile, child protective proceedings and ancillary proceedings into the Family Court, to maintain the Court's data entry system, and to adopt new procedures for efficient administration of the Family Court, the Court issues the following administrative order:
>
> 1. The County Clerk will continue to accept pleadings, maintain files and complete entries into the Court's data system in all domestic cases and PPOs and shall be responsible for the care and maintenance of those records.
>
> 2. The Family Court staff will continue to accept filings, maintain files, prepare orders and complete entries into the Court's data system in all juvenile cases, child protective proceedings, name changes, adoptions, and ancillary proceedings and shall be responsible for the care and maintenance of those records.
>
> 3. The Family Court staff will be responsible for scheduling all juvenile cases, child protective proceedings, name changes, adoptions, and ancillary proceedings. In addition, the Family Court staff will be responsible for making refer-

rals, scheduling hearings, preparation of orders and arranging pretrials and trials in domestic cases. The Family Court staff will make appropriate entries into the Court's data systems of these proceedings.

4. The County Clerk staff will continue to manage the motion day dockets, no-progress docket and non-service dismissals in domestic cases. The County Clerk staff will continue to attend the domestic motion docket sessions of the Family Court and make appropriate entries into the Court's data system of those proceedings.

5. The Family Court staff shall continue to be responsible for all filing fees, receipts, disbursements and accountings for support payments, restitution, administrative and program fees, and child care funds received in juvenile cases, child protective proceedings, name changes, adoptions and ancillary proceedings. The County Clerk shall continue to accept all filing fees in domestic cases for the Family Court.

6. Local Administrative Order 1999-02 is hereby rescinded and replaced by this order.

This order is issued pursuant to MCR 8.112 and will be effective upon approval by the State Court Administrator. The matters covered in this order will be reviewed on an ongoing basis and this order will expire on December 31, 2000, unless extended by order of the Court.

On February 9, 2000, James L. Covault, the acting director of Trial Court Services, State Court Administrative Office, Michigan Supreme Court, advised the Fortieth Circuit Court "that we have reviewed the above referenced Administrative Order and find that it conforms with the requirements of MCR 8.112(B). This order is being accepted and filed until advised by your court of any change."

In their complaint for a writ of superintending control, plaintiffs allege, among other things:

17. The Court's [Fortieth Circuit Court] Administrative Order, No. 2000-01 violates Michigan's Constitution, laws,

and court rules by preventing the Clerk from performing her constitutional and statutorily mandated duties. Specifically, by issuing and implementing Administrative Order No. 2000-01, the Court usurped the Clerk's constitutional and statutory duties with respect to Paragraphs 2, 3, and 5 of the Order. . . .

\*     \*     \*

18. Both family division judges in Lapeer County (Judges [Clayton E.] Preisel and [Michael P.] Higgins) prohibit the County Clerk from performing her circuit court duties with respect to juvenile matters by preventing her from opening new cases, maintaining the care and custody of the court records, entering data into the Court's JIS system, performing court room functions, preventing the Clerk from assisting the public as well as other judicial staff and employees, and accounting for the court's finances.

\*     \*     \*

20. Judges Higgins and Preisel further refuse to allow the County Clerk to perform as Clerk of the circuit court with respect to trials.

Defendant Lapeer Circuit Court answered plaintiffs' factual allegations as follows:

18. The Circuit Court admits only that both judges assigned to the family division in Lapeer County (Judges Preisel and Higgins), in the exercise of their discretion, do not require the County Clerk to perform duties such as opening new cases, maintaining the care and custody of court records, entering data into the court's JIS system, performing other courtroom functions, and for accounting for the finances with regard to juvenile matters under the jurisdiction of the family division of the circuit court. . . .

\*     \*     \*

20. The Circuit Court admits that Judges Preisel and Higgins refuse to allow the County Clerk to perform the clerical duties of the circuit court with respect to trials in the

family division for the reason that they have determined that the clerical duties of the family division are more efficiently, economically, and effectively handled by other court employees.

II

### SUBJECT-MATTER JURISDICTION

In their motions to dismiss, both defendants argue that this Court lacks subject-matter jurisdiction to issue the writ of superintending control requested by plaintiffs. We disagree.

The Michigan Constitution provides that the subject-matter jurisdiction of the Court of Appeals "shall be provided by law, and the practice and procedure therein prescribed by rules of the supreme court." Const 1963, art 6, § 10. The Revised Judicature Act (RJA) lists judgments and orders that are appealable as of right to the Court of Appeals as well as orders and judgments that are appealable by leave. MCL 600.308; MSA 27A.308. Pertinent to this action is § 310 of the RJA:

> The court of appeals has original jurisdiction to issue prerogative and remedial writs or orders as provided by rules of the supreme court, and has authority to issue any writs, directives and mandates that it judges necessary and expedient to effectuate its determination of cases brought before it. [MCL 600.310; MSA 27A.310.]

Further, subsection 308(2)(e) of the RJA provides that this Court has subject-matter jurisdiction over "any other judgment or interlocutory order as determined by court rule." MCL 600.308(2)(e); MSA 27A.308(2)(e).

The RJA contains the following rule of construction: "This act is remedial in character and shall be liberally construed to effectuate the intents and purposes thereof."

The Supreme Court has promulgated two court rules regarding the subject-matter jurisdiction of the Court of Appeals to issue writs of superintending control to lower courts: MCR 3.302 and MCR 7.203(C). MCR 3.302(A)-(D) states:

> (A) Scope. A superintending control order enforces the superintending control power of a court over lower courts or tribunals.
>
> (B) Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See subrule (D)(2), and MCR 7.101(A)(2), and 7.304(A).
>
> (C) Writs Superseded. A superintending control order replaces the writs of certiorari and prohibition and the writ of mandamus when directed to a lower court or tribunal.
>
> (D) Jurisdiction.
>
> (1) The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals. In this rule the term "circuit court" includes the Recorder's Court of the City of Detroit as to superintending control actions of which that court has jurisdiction.
>
> (2) When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.

The second jurisdictional rule is MCR 7.203(C):

> (C) Extraordinary Writs, Original Actions, and Enforcement Actions. The court [of appeals] may entertain an action for:

(1) superintending control over a lower court or a tribunal immediately below it arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals;

(2) mandamus against a state officer (see MCL 600.4401; MSA 27A.4401);

(3) habeas corpus (see MCL 600.4304; MSA 27A.4304);

(4) quo warranto involving a state office or officer;

(5) any original action required by law to be filed in the Court of Appeals or Supreme Court;

(6) any action to enforce a final order of an administrative tribunal or agency required by law to be filed in the Court of Appeals or Supreme Court.

The general principles of the writ of superintending control were summarized by our Court in *In re Gosnell*, 234 Mich App 326, 341-342; 594 NW2d 90 (1999):

Superintending control is an extraordinary power that may be invoked when the plaintiff demonstrates the defendant's failure to perform a clear legal duty and the absence of an adequate legal remedy. *In re Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 134; 503 NW2d 885 (1993); *In re People v Burton*, 429 Mich 133, 139; 413 NW2d 413 (1987); *Lockhart v Thirty-Sixth Dist Court Judge*, 204 Mich App 684, 688; 516 NW2d 76 (1994); *Czuprynski v Bay Circuit Judge*, 166 Mich App 118, 121-122; 420 NW2d 141 (1988). An order of superintending control replaces writs of certiorari (as directed against a lower court or tribunal), mandamus, and prohibition, MCR 3.302(C), and, like certiorari, is used to determine " 'if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law.' " *Burton, supra* at 139, quoting *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 681; 194 NW2d 693 (1972), quoting *In re Fredericks*, 285 Mich 262, 267; 280 NW 464 (1938). The review is limited to questions of law and is not available when the plaintiff has an adequate legal remedy through an appeal. *Burton, supra* at 139, *Barham v Workers' Compensation Appeal Bd*, 184

Mich App 121, 127; 457 NW2d 349 (1990). When an appeal is available, the complaint for an order of superintending control must be dismissed. MCR 3.302(D)(2). However, a party may not have an adequate remedy where the party is challenging the general policies of the district court. *Moore v Ninth Dist Judge,* 69 Mich App 16, 18-19; 244 NW2d 346 (1976); see also *[In re]* *Rupert* [205 Mich App 474; 517 NW2d 794 (1994)], *supra* at 478-479. It is the plaintiff who bears the burden of establishing the grounds for issuing the order. *Id.* at 478.

In the present case, plaintiffs argue this Court has subject-matter jurisdiction to issue the requested writ of superintending control pursuant to both MCR 3.302(D) and MCR 7.203(C)(1). Defendants assert that subject-matter jurisdiction is precluded by operation of MCR 7.203(C)(1), alleging this action does not fall within the class of case "which, when concluded, would result in an order appealable to the Court of Appeals."

At first blush, MCR 3.302 and MCR 7.203(C)(1) appear to be in conflict. However, on closer examination, we conclude the two court rules are complementary. In particular, MCR 3.302 provides that if an appeal to the Court of Appeals is available and if such an appeal is an "adequate remedy," a complaint for superintending control may not be filed.

In regard to the adequacy of the remedy of appeal, commentators Martin, Dean & Webster, in Michigan Court Rules Practice, Rule 3.302, author's comments, p 325, have chronicled a series of cases that hold a successful appeal in a single case to a generalized court practice is an inadequate remedy and thus an appropriate subject for a complaint for superintending control:

> Situations do arise, however, where an appeal and a favorable decision in a single case will not achieve the relief sought by plaintiff, and only the exercise of superintending control will afford the proper remedy. These situations most often involve a challenge to the generalized practices of an inferior court or tribunal, i.e., a challenge to a practice routinely applied by the court to all similar cases which come before it. See, for example, *City of Detroit v Recorder's Court Judge*, 104 Mich App 214; 304 NW2d 829 (1981), an action challenging the refusal by a district judge to enforce a particular city ordinance; *Bay County Prosecutor v Bay County District Judge*, 102 Mich App 543; 302 NW2d 225 (1980), an action challenging the general policy of the district judge to refuse to bind over for trial any person charged with larceny if the value of the items taken would be cognizable as simple larceny; *Cahill v Fifteenth District Judge*, 393 Mich 137; 224 NW2d 24 (1974), an action challenging the denial of jury trial to persons charged with traffic violations.

Similar to the above is *Frederick v Presque Isle Co Circuit Judge*, 439 Mich 1; 476 NW2d 142 (1991). In *Frederick*, the plaintiff filed an original action in the Court of Appeals for a writ of superintending control requesting an order directing the Presque Isle Circuit Court to authorize payment to the plaintiff for his court-appointed criminal appellate services. The plaintiff's request for payment was denied by the court administrator in a letter that stated in pertinent part: "Our budget does not presently contain funds to compensate you for your service nor am I aware of any statutory authority designating a governmental entity to make payment in this regard." *Id.* at 5, n 1.

Our Supreme Court in *Frederick* held the plaintiff had no adequate remedy other than a writ of superintending control because the administrator's letter was not an order of the circuit court appealable to the

Court of Appeals. Further, the Supreme Court found the plaintiff's complaint meritorious and held that the Court of Appeals should have granted the writ of superintending control.

> Under MCR 3.302, a complaint for superintending control may be filed when there is no other adequate remedy. In this case, the plaintiff could not appeal the circuit court's decision because that decision was not an order of the circuit court, but rather a letter submitted by the court's administrator. The circuit court issued no judgment or order which the plaintiff could appeal, and thus a complaint for superintending control was proper.
>
> The standard for issuing a writ of superintending control is to determine whether the lower court failed to perform a clear legal duty. *People v Flint Municipal Judge*, 383 Mich 429; 175 NW2d 750 (1970). Because we determine that our common law and MCL 775.16; MSA 28.1253 clearly establish the county's responsibility for paying assigned appellate attorneys, under Administrative Order No. 1989-3, the Chief Judge of the 26th Circuit Court has a clear legal duty to order the county's compensation of assigned appellate attorneys. Because the chief judge failed to perform this duty in this case, we hold that the Court of Appeals should have granted the writ for superintending control. [*Frederick, supra* at 14-15.]

In arguing a lack of subject-matter jurisdiction, defendants focus on MCR 7.203(C)(1), which provides that the Court of Appeals may entertain an action "over a lower court or a tribunal immediately below it arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals." Defendants assert that plaintiff Bruns could not have filed an action or proceeding in the circuit court that, when concluded, would have

resulted in an order appealable to the Court of Appeals.[1] We disagree.

The operation and effect of MCR 7.203(C)(1) was explained by the Supreme Court in *In re People v Burton*, 429 Mich 133; 413 NW2d 413 (1987). *Burton* arose during the time in which appeals by prosecutors were substantially restricted by statute. See former MCL 770.12; MSA 28.1109. Despite the statutory limitations regarding appeals, the prosecutor in *Burton* brought an original action in the Court of Appeals raising an issue that he was prohibited by statute from appealing. In vacating the writ of superintending control issued by this Court, our Supreme Court applied MCR 7.203(C)(1) and explained its function:

> The Legislature has limited the types of cases that the prosecution may appeal in the Court of Appeals. If an order of superintending control were available to review the grant of a new trial, as in this case, the limits the Legislature placed on appeals by the people would be ignored. Issuing an order of superintending control is an improper means of granting appellate review when an appeal is not provided for by general law. An order of superintending control should not be issued to circumvent the will of the Legislature and provide appellate review which is unauthorized by the Legislature.
>
> In addition, MCR 7.203(C)(1) provides that the Court of Appeals "may entertain an action for . . . superintending control . . . arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals." Under both [*People v*] *Cooke* [419 Mich

---

[1] During oral arguments, the assistant attorney general, arguing for defendant circuit court, contradicted this position by arguing that plaintiff Bruns could have filed a circuit court action challenging the local administrative order and thus superintending control was barred by operation of MCR 3.302(D)(2) ("[i]f superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed").

420; 355 NW2d 88 (1984)], *supra,* and the statute limiting prosecutor appeals, an order granting a new trial to a defendant in a criminal case would not be appealable.

. . . In this case, the proper criteria for issuing an order of superintending control have not been shown, even though an order of superintending control is generally within the jurisdiction of the Court of Appeals. [*Burton,* *supra* at 142-143.]

In regard to the present controversy, plaintiff Marlene M. Bruns could have filed a complaint for a declaratory judgment in the circuit court challenging, in a specific case or cases, her displacement as clerk of the court for the family division of the circuit court. See MCR 2.605.[2] As the Supreme Court stated in *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978):

The declaratory judgment rule was intended and has been liberally construed to provide a broad, flexible remedy with a view to making the courts more accessible to the people. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Comment, p 683, *Comm'r of Revenue v Grand Trunk W R Co,* 326 Mich 371, 375; 40 NW2d 188 (1949).

The existence of an "actual controversy" is a condition precedent to invocation of declaratory relief. In general, "actual controversy" exists where a declaratory judgment or

---

[2] MCR 2.605 states in pertinent part:

(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

(2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights.

In the instant action, defendant circuit court admitted in its answer that "Judges Preisel and Higgins refused to allow the county clerk to perform the clerical duties of the circuit court with respect to trials in the family division" and have refused to allow the county clerk "to perform duties such as opening new cases, maintaining the care and custody of court records, entering data in the court's JIS system, performing other courtroom functions, and for accounting for the finances with regard to juvenile matters under the jurisdiction of the family division of the circuit court." In view of these admissions, we conclude that plaintiff Bruns could have challenged, in specific cases, the refusal of the circuit court to allow her to perform her legally authorized duties by filing a complaint for declaratory relief in the circuit court.

However, like the cases cited in the Martin, Dean & Webster, author's comments, a favorable decision in a particular case would not achieve the adequate relief sought by plaintiff Bruns because she challenges a generalized practice of the court. The visiting judges assigned to each potentially successive case would not be bound by the prior decision of the preceding circuit judge. Under such circumstances, only a decision by the Court of Appeals on a writ of superintending control can serve as precedent and therefore an adequate remedy.

As noted and argued by plaintiffs, the present case involves an actual controversy between plaintiff Bruns and defendant circuit court. The issues are not hypothetical but real and ongoing. Further, unlike in

*Burton, supra,* our statutes and court rules do not bar the relief requested in plaintiffs' complaint.

Additional support for our conclusion that this Court possesses subject-matter jurisdiction is found in *In re Lafayette Towers,* 200 Mich App 269; 503 NW2d 740 (1993). Judge (now Justice) CORRIGAN writing for our Court stated in pertinent part:

> Both the circuit court and the Court of Appeals have authority to issue orders of superintending control. *Barham v Workers' Compensation Appeal Bd,* 184 Mich App 121, 128; 457 NW2d 349 (1990). Such powers derive from both statute and court rule. *Id.* Superintending control is the proper vehicle to challenge the general practices of an inferior court. *Bd of Library Comm'rs v Judges of the 70th Dist Court,* 118 Mich App 379; 325 NW2d 777 (1982); *Automatic Music & Vending Corp v Liquor Control Comm,* 141 Mich App 458, 463; 367 NW2d 413 (1985), rev'd on other grounds 426 Mich 452; 396 NW2d 204 (1986). See also *Detroit v Recorder's Court Judge,* 85 Mich App 284, 289; 271 NW2d 202 (1978) (superintending control is proper avenue for relief where challenge is to the defendant's method of conducting general court proceedings in all cases that present a common legal and factual situation). Superintending control is also proper where the court committed an error of law. *Wayne Co Prosecutor v Recorder's Court Judge (On Remand),* 167 Mich App 282, 284; 421 NW2d 665 (1988). [*In re Lafayette Towers, supra* at 272.]

Later, in *Lockhart v Thirty-Sixth Dist Judge,* 204 Mich App 684; 516 NW2d 76 (1994), Judge (now Justice) KELLY followed *In re Lafayette Towers,* reiterating that the Court of Appeals has jurisdiction to issue writs of superintending control when there is an inadequate legal remedy and the general practices of the inferior court are contrary to a clear legal duty:

The circuit court, this Court and our Supreme Court have jurisdiction to issue superintending control orders to lower courts under MCR 3.302. Recently, a panel of our Court observed that superintending control is the proper vehicle to challenge the general practices of an inferior court. *In re Lafayette Towers*, 200 Mich App 269, 272; 503 NW2d 740 (1993), citing *Bd of Library Comm'rs v Judges of the 70th Dist Court*, 118 Mich App 379; 325 NW2d 777 (1982). An earlier panel of our court reached a similar conclusion when it observed that:

"Because appellant's method of conducting his general court proceedings in all cases which present a common, legal and factual situation is at issue, superintending control is the proper avenue for relief." [*Detroit v Recorder's Court Judge*, 85 Mich App 284, 289; 271 NW2d 202 (1978).]

Generally, for superintending control to lie, a plaintiff must establish the absence of an adequate legal remedy and that a defendant failed to perform a clear legal duty. *In re Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 134; 503 NW2d 885 (1993). The nature and extent of the legal duty required by MCR 8.116(C) is a question of law subject to de novo review. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). [*Lockhart, supra* at 688.]

Defendants argue and we agree that pursuant to Const 1963, art 6, § 5 the exclusive authority to determine the general practice and procedure of Michigan courts rests with the Supreme Court. *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999). Pursuant to Const 1963, art 6, § 4 "[t]he supreme court shall have general superintending control over all courts .... " In contrast, "[n]o general control of inferior courts exists in the Court of Appeals." *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 681; 194 NW2d 693 (1972). Nonetheless, by operation of Const 1963, art 6, § 10, MCL 600.310; MSA 27A.310, MCR 3.302, and MCR 7.203(C) this Court has subject-

matter jurisdiction to issue writs of superintending control to lower courts and tribunals in those limited cases in which (1) the general practices of the inferior court or tribunal are contrary to a clear legal duty, (2) there is no other adequate remedy, and (3) an action or proceeding could have been brought in the lower court or tribunal that, when concluded, would result in an order appealable to the Court of Appeals.

We hold plaintiffs' complaint for a writ of superintending control is within the subject-matter jurisdiction of this Court because the criteria set forth in the court rules have been met.

III

LACK OF STANDING OF CLERKS' ASSOCIATION

Next, defendant circuit court alleges in its motion to dismiss that plaintiff clerks' association lacks standing. We agree and grant the motion to dismiss plaintiff Michigan Association of County Clerks.

In Michigan jurisprudence

> [s]tanding is a legal term used to denote the existence of a party's interest in the outcome of litigation that will ensure sincere and vigorous advocacy. However, evidence that a party will engage in full and vigorous advocacy, by itself, is insufficient to establish standing. Standing requires a demonstration that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large. [*House Speaker v State Administrative Bd*, 441 Mich 547, 554; 495 NW2d 539 (1993).]

Also see *House Speaker v Governor*, 443 Mich 560, 572; 506 NW2d 190 (1993), and *Franklin Historic Dist Study Committee v Village of Franklin*, 241 Mich App 184; 614 NW2d 703 (2000).

The alleged potential damage to other members of the Michigan Association of County Clerks is speculative. While it is possible that other circuits might adopt administrative orders similar to AO 2000-01 were this Court to uphold this practice and procedure, the likelihood of such a practice spreading to other circuits is purely conjectural. Under such circumstances, plaintiff clerks' association has not demonstrated "an *actual* injury or *likely chance* of immediate injury to establish standing." *Franklin Historic Dist Study Committee, supra* at 189 (emphasis in original).

IV

MERITS OF COMPLAINT

The final basis of the motion to dismiss by defendant circuit court is the alleged failure of plaintiffs' complaint to state a claim on which relief can be granted. Defendant's argument in this regard is similar to a motion for summary disposition based on MCR 2.116(C)(8). Under this analogous court rule, "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

Our hearing on defendants' motions to dismiss afforded the parties an opportunity to argue the merits of plaintiffs' complaint. In addition, pursuant to MCR 3.302(E)(3), this Court may issue the order requested or dismiss the complaint with or without a hearing.

We hold meritorious, in part, the complaint by plaintiff Bruns for a writ of superintending control.

The county clerk is an independently elected county official whose duties are prescribed by the Michigan Constitution, statutes, and court rules. Const 1963, art 6, § 14 states that the county clerk "shall be the clerk of the circuit court":

> The clerk of each county organized for judicial purposes or other officer performing the duties of such office as provided in a county charter shall be clerk of the circuit court for such county.

The legislation reorganizing the probate and circuit courts and creating the family division of the circuit court provides by its plain and unambiguous terms that the county clerk shall be the clerk of the court for the family division of the circuit court: "As with circuit court, the county clerk is the clerk of the court for the family division of the circuit court." 1996 PA 388, § 1007, MCL 600.1007; MSA 27A.1007. The duties of the county clerk as the clerk of the court are set forth in both the statutes and court rules. For instance, MCL 600.571; MSA 27A.571 provides, among other things:

> The county clerk of each county shall
> (a) Be the clerk of the circuit court for the county.
>
> *        *        *
>
> (f) Have the care and custody of all the records, seals, books and papers pertaining to the office of the clerk of such court, and filed or deposited therein, and shall provide such books for entering the proceedings in said court, as the judge thereof shall direct.
> (g) Perform such duties as may be prescribed by court rule. Whenever in any statute of this state, the designation "register in chancery" occurs, it shall be deemed to apply to the clerk of the circuit court.

See also MCR 8.105 and MCR 8.119.

Despite the above duties prescribed by our constitution, statutes, and court rules, defendants argue that the circuit court possesses authority to displace, for administrative reasons, plaintiff Bruns as the clerk of the court for the family division of the circuit court. Defendant relies on the phrase contained in MCL 600.571(f); MSA 27A.571(f) specifying that the clerk of the circuit court shall perform her duties "as the judge thereof shall direct." Further, defendant cites the February 9, 2000, letter by James L. Covault, acting director of Trial Court Services, State Court Administrative Office, Michigan Supreme Court, accepting and filing the local administrative order. We disagree with both arguments regarding the circuit court's authority.

First, the statutory directive that the county clerk, as the clerk of the circuit court, shall perform her duties "as the judge thereof shall direct" pertains to *how* the county clerk shall perform her duties. The statute does not affect *who* is authorized to perform the duties of the clerk of the court. It is clear that AO 2000-01 completely displaces the county clerk as the clerk of the court for the family division of the circuit court. The circuit court has not directed the method of performance of the county clerk's duties but rather has prohibited plaintiff from acting as clerk of the court. Cf. *Calvert v Lapeer Circuit Judges*, 442 Mich 409; 502 NW2d 293 (1993).

Second, the letter from the State Court Administrative Office is not an order of the Supreme Court. This letter does not purport to rule on the constitutional and statutory issues raised in plaintiffs' complaint. The technical, ministerial compliance noted by the

Supreme Court's administrative office has no bearing on the issues raised in the present case.[3]

While we find that the county clerk is the clerk of the court for the family division of the circuit court and, as such, has the right and duty to perform certain functions for the court as provided in statute and court rule, those mandated functions do not encompass all the clerical-type duties that are necessary to process juvenile, child protective, name change, adoption, and ancillary proceeding cases in the family division of the circuit court. Some, but not all, of the duties traditionally performed by juvenile court staff, and not reserved to the county clerk by statute or court rule, include drafting petitions based on oral or written complaints, preparing summonses and subpoenas, preparing and mailing notices of hearing and notices of right to appeal, preparing orders and mailing those orders to all interested parties, drafting and arranging for publication of notices of hearing, and, in some courts, electronically recording court hearings and preparing transcripts thereof. Those duties may lawfully be assigned by the judges to family court staff rather than to the county clerk.

Therefore, we hold that the judges of the Fortieth Circuit Court, Family Division, must permit plaintiff Bruns to perform her legally authorized duties as clerk of the court for the family division of the circuit court, but are not required by the constitution, statute, or court rule to permit her to perform other

---

[3] MCL 600.1011; MSA 27A.1011 requires each judicial court to "submit[] for approval by the Supreme Court" a court reorganization plan. Pursuant to Administrative Order No. 1997-1, 454 Mich cxiii, the State Court Administrative Office (SCAO) shall accept and file family division implementation plans that the court administrator deems comply with SCAO requirements and guidelines.

duties (such as, but not limited to, those listed above) that are not reserved to the clerk of the court by statute or court rule.

V

CONCLUSION

In summary, we grant, in part, the writ of superintending control requested by plaintiff Marlene M. Bruns. We declare unlawful those portions of AO 2000-01 that direct family court staff, rather than the county clerk, to perform those duties assigned to the county clerk by statute or court rule, and we direct the judges of the Fortieth Circuit Court, Family Division, to permit plaintiff Bruns to perform those duties assigned her by statute or court rule as clerk of the court for the family division of the circuit court. We declare lawful those remaining portions of AO 2000-01 that delegate to family court staff duties other than those assigned to the county clerk by statute or court rule.